**Timothy M. FRANK, D.D.S., Appellant (Petitioner/Plaintiff),**

v.

**STATE of Wyoming, acting By and Through the WYOMING BOARD OF DENTAL EXAMINERS, Appellee (Respondent/Defendant).**

No. 97–133.

Supreme Court of Wyoming.

Sept. 25, 1998.

Paul K. Knight of Mullikin, Larson & Swift, LLC, Jackson, for Appellant (Petitioner/Plaintiff).

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; and John S. Burbridge, Assistant Attorney General, Cheyenne, for Appellee (Respondent/Defendant).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

TAYLOR, Justice.

Appellant questions the Wyoming Board of Dental Examiners' denial of his request for a license to practice dentistry. Appellant claims the Board of Dental Examiners violated both statute and his constitutional rights by refusing to grant reciprocity and by accepting only one regional clinical examination for licensure in Wyoming. Appellant now challenges the district court's opinion affirming the Board of Dental Examiners' decision and the district court's refusal to allow appellant to supplement the record on appeal. Finding no error, we affirm.

## I. ISSUES

Appellant, Dr. Timothy M. Frank (Dr. Frank), presents the following issues for review:

I.   Whether the Board's action in denying Dr. Frank's application to practice dentistry was arbitrary and capricious, an abuse of discretion and unsupported by substantial evidence since Dr. Frank met the statutory requirements to practice dentistry in Wyoming and since the Board members failed to follow the legislative directives provided to them in the Wyoming Dental Practices Act?

II.   Whether the Board's action in denying a license to Dr. Frank violated his constitutional rights to equal protection, due process and privilege and immunities under the federal and Wyoming Constitutions?

III.   Whether the district court erred in denying Dr. Frank's application for presentation of additional evidence since it had the authority to direct the Board to review additional evidence where such evidence is material and there is good cause for failing to have presented at the administrative hearing.

Appellee, the Wyoming Board of Dental Examiners (Board), responds with these issues:

I.   Whether the Board's decision to deny Frank's application for licensure by reciprocity is supported by substantial evidence of record.

II.   Is the Board's decision arbitrary, capricious, an abuse of discretion or otherwise contrary to the law.

III.   Whether the Board violated Frank's constitutional right to due process of law, equal protection or privileges and immunities under the Commerce Clause.

IV.   Did the district court err in not allowing Frank to present additional evidence after the filing of the Board's reply brief.

## II. FACTS

The parties agree to the relevant facts of this case. On March 31, 1995, Dr. Frank submitted an application requesting licensure by reciprocity to practice dentistry in Wyoming. Dr. Frank later requested licensure based upon his current qualifications. From 1985 to the time of his request for licensure in Wyoming, Dr. Frank held a dental license, in good standing, in the state of Washington and previously in the state of Tennessee. At no time during his career had Dr. Frank been the subject of any disciplinary action or malpractice claims. Dr. Frank had successfully passed the Southern Regional Testing Agency Dental Examination, the Washington State Dental Licensing Examination, and

* Chief Justice at time of expedited conference.

Parts I and II of the National Board of Dental Examinations.

On June 12, 1995, the Board denied Dr. Frank's application because he had not taken the Central Regional Dental Testing Service Examination (CRDTS), the professional clinical examination required for licensure in Wyoming. On August 30, 1995, the Board wrote Dr. Frank explaining why it would not grant reciprocity and informing him the CRDTS is the only test the Board accepts. Dr. Frank requested a hearing on the matter, which was held on January 19, 1996. The Board issued its decision on March 6, 1996, denying Dr. Frank's request for licensure because he had not completed an accepted examination and no reciprocity agreement existed between Washington and Wyoming.

Dr. Frank petitioned the district court to review the Board's decision, claiming the decision was contrary to Wyo. Stat. § 16–3–114(c)(i) and (ii) (1997) and the denial of a license to practice his profession violated his constitutional rights. On March 3, 1997, Dr. Frank filed an application for presentation of additional evidence, seeking supplementation of the record with an "Overview of the CRDTS Dental Examination," his results from the Southern Regional Testing Agency, and an Information Packet from the Washington State Dental Licensing Board for 1986. On March 14, 1997, the district court issued its decision affirming the Board's actions and denying Dr. Frank's application to present additional evidence. This timely appeal followed.

## III. STANDARD OF REVIEW

Our standard of review of agency decisions has been set forth as follows:

Wyoming Rules of Appellate Procedure 12 provides for judicial review of agency actions. Rule 12.09(a) limits the extent of review to determination of matters specified in W.S. 16–3–114(c). That statute requires reviewing courts to hold unlawful and set aside agency action, findings and conclusions found to be:

"(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; [or]

* * * * * *

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute."

W.S. 16–3–114(c)(ii). We review the agency decision de novo, according no deference to the district court's decision. * * *

"Our task is to examine the entire record to determine if substantial evidence exists to support the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner if his decision is supported by substantial evidence. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions."

*Romero v. Davy McKee Corp.*, 854 P.2d 59, 61 (Wyo.1993). In reviewing questions of law, however, we do not defer to the agency's decision. If the conclusion of law is in accordance with law, we affirm it; if it is not, we correct it.

*Heiss v. City of Casper Planning and Zoning Com'n*, 941 P.2d 27, 29 (Wyo.1997). The actions of the agency are presumed to be correct, and it is the appellant's burden to show that the agency did not comply with the law. *Butts v. Wyoming State Bd. of Architects*, 911 P.2d 1062, 1065 (Wyo.1996).

## IV. DISCUSSION

### A. STATUTORY CLAIMS

Dr. Frank contends that the Board's refusal to accept regional examinations other than the CRDTS is arbitrary and capricious. Wyo. Stat. § 33–15–108(a) (1997) contains the qualifications for licensure in Wyoming:

(a) Any person of good moral character, who has been graduated and admitted to the degree of doctor of dental surgery, doctor of dental medicine from a college or university accredited by the American Dental Association, or other equivalent degree by any accredited university or college authorized to grant the degree by the laws of the United States or by the laws of any state of the United States or Dominion of Canada, upon deposit of the examination

fee set by the board, may make application in writing to the board to be examined by it with reference to his qualifications to practice dentistry. *The applicant shall pass a written and practical examination in a manner satisfactory to the board.*

(Emphasis added.) The Board found that Dr. Frank had completed the written requirement by passing Parts I and II of the National Board of Dental Examinations, but his failure to complete the CRDTS as a practical examination precluded licensure. Dr. Frank argues that because the statute does not require the Board to designate one regional examination over another, the Board's designation of the CRDTS arbitrarily discriminates against substantially similar examinations.

At the hearing, testimony established that the Board chose the CRDTS examination because it most thoroughly tests competence in dentistry. Dr. Frank presented no contradictory evidence. Neither did he present evidence that the tests he had taken were equivalent to the CRDTS. Given the Board's broad discretion afforded by the legislature to determine the proper written and practical examinations for licensure in Wyoming, we find no abuse of that discretion in requiring an applicant to pass an examination, which in the Board's estimate, best tests the qualifications of the applicant.

■ Dr. Frank next challenges the Board's refusal to grant a license on the basis of reciprocity. Reciprocity is governed by Wyo. Stat. § 33–15–122 (1997), which provides:

The board may accept by reciprocity, upon payment of a registration fee determined by the board, the license of a dentist who was licensed in another state or territory of the United States if the license requirements of that state or territory were as great or greater than those of Wyoming when that license was granted. *Reciprocity may only be granted to dentists from those states which grant reciprocity to dentists licensed in Wyoming.*

(Emphasis added.)

Dr. Frank argues that the Board categorically denies reciprocity, despite the statutory grant of such authority, and therefore its actions are an abuse of discretion and an ultra vires limitation of statutory power. Whether the Board denies reciprocity to other candidates is of no event in this case because Dr. Frank did not qualify for reciprocity. It is undisputed that Washington does not grant reciprocity solely on the basis of a Wyoming license. Washington grants reciprocity to Wyoming dentists only if they have completed the Western Regional Dental Testing Service Examination or the CRDTS prior to 1995. Dr. Frank has not completed either of these examinations. Consequently, no abuse of discretion occurred when the Board denied reciprocity pursuant to the clear language of the statute.

## B. Constitutional Claims

■ Dr. Frank's constitutional claims are equally without merit. Equal protection " 'mandates that all persons similarly situated shall be treated alike, both in the privileges conferred and in the liabilities imposed.' " *Allhusen v. State By and Through Wyoming Mental Health Professions Licensing Bd.*, 898 P.2d 878, 884 (Wyo.1995) (*quoting Small v. State*, 689 P.2d 420, 425 (Wyo.1984), *cert. denied*, 469 U.S. 1224, 105 S.Ct. 1215, 84 L.Ed.2d 356 (1985)).

Licensure acts * * * "are passed for the express purpose of affording the public protection * * *." *Mapes v. Foster*, 38 Wyo. 244, 266 P. 109, 116 (1928). The legislature can, in the exercise of the police power, regulate and require licensure of professionals as it sees fit but any law in futherance of the police power "must be reasonable and not arbitrary." *State v. Langley*, 53 Wyo. 332, 84 P.2d 767, 771 (1938).

*Allhusen*, 898 P.2d at 885. Equal protection claims are reviewed under one of two levels of scrutiny. *Id.* If the claim involves a member of a "suspect class" or a "fundamental right," we employ a strict scrutiny test " 'which requires a showing [by the Board] that the classification is necessary to achieve a compelling state interest.' " *Id.* (*quoting Kautza v. City of Cody*, 812 P.2d 143, 147 (Wyo.1991)). Otherwise, the burden of per-

suasion is assigned to the challengers to demonstrate that the challenged action bears no rational relationship to a state interest. Under this test, the claimant must show that the classification is unconstitutional beyond a reasonable doubt. *Allhusen*, 898 P.2d at 885.

Dr. Frank does not contend that he is a member of a suspect class, and "numerous cases have recognized that there is no fundamental interest involved in the practice of medicine * * * or any other profession." *Gumbhir v. Kansas State Bd. of Pharmacy*, 231 Kan. 507, 646 P.2d 1078, 1090 (1982), *cert. denied*, 459 U.S. 1103, 103 S.Ct. 724, 74 L.Ed.2d 950 (1983) (and cases cited therein); *see also Anderson v. Wagner*, 61 Ill.App.3d 822, 19 Ill.Dec. 190, 378 N.E.2d 805, 809 (1978), *aff'd*, 79 Ill.2d 295, 37 Ill.Dec. 558, 402 N.E.2d 560 (1979) and *State ex rel. Schneider v. Liggett*, 223 Kan. 610, 576 P.2d 221, 227, *dismissed*, 439 U.S. 808, 99 S.Ct. 66, 58 L.Ed.2d 101 (1978) (and cases cited therein). We, therefore, apply a rational relationship test to Dr. Frank's claim. *See Allhusen*, 898 P.2d at 885 (applying a rational relationship test to legislation regarding the practice of mental health professionals) and *Chalfy v. Turoff*, 804 F.2d 20, 23 (2nd Cir.1986) ("licensing authority need only show that the challenged requirement is rationally related to applicant's fitness for the occupation.").

Dr. Frank does not challenge the constitutionality of the statutes governing licensure and reciprocity, but claims that the Board's application of those statutes creates an arbitrary classification of persons who are qualified to practice dentistry but who have not taken the CRDTS. He asserts the Board has created an unconstitutional "irrebuttable presumption" that applicants who have not taken this test are not qualified. While this may be a creative approach, it does not identify any class which is subjected to unequal treatment. Every dentist applying for licensure must take the same examination or be licensed in a state which has a reciprocity agreement with Wyoming.

■ Moreover, states have a compelling interest in the practice of professions within their boundaries, and as part of their power to protect the public health, safety and other valid interests, they have broad power to establish standards for licensing practitioners and regulating the practice of professions. *Gade v. National Solid Wastes Management Ass'n*, 505 U.S. 88, 108, 112 S.Ct. 2374, 2388, 120 L.Ed.2d 73 (1992) (*quoting Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792, 95 S.Ct. 2004, 2016, 44 L.Ed.2d 572 (1975)). The Board determined that the CRDTS best identifies qualified individuals to practice dentistry. Dr. Frank failed to present any evidence that this determination does not have a rational relationship to the state's interests. As we noted above, no evidence was presented that contradicted the Board's assessment of the CRDTS.

■ Similarly, there is no violation of the privileges and immunities afforded to Dr. Frank. The privileges and immunities clause "was designed to insure to a citizen of State A who ventures into State B the same privileges which the citizens of State B enjoy." *Toomer v. Witsell*, 334 U.S. 385, 395, 68 S.Ct. 1156, 1162, 92 L.Ed. 1460 (1948); *Powell v. Daily*, 712 P.2d 356, 358 (Wyo.1986). Dr. Frank fails to identify how he was treated differently than Wyoming practitioners who are required to take the same test.

■ Dr. Frank's due process claims are also insufficient. Dr. Frank alleges that he was denied substantive due process when the Board denied his right to practice. Dr. Frank's right to practice, however, is subject to reasonable limitations set by the State of Wyoming as discussed above. The Board's alleged categorical denial of reciprocity does not affect Dr. Frank because he clearly did not qualify for reciprocity under Wyo. Stat. § 33–15–122, which specifically limits the discretion of the Board.

■ Procedural due process requires the applicant be given reasonable notice and a meaningful opportunity to be heard by the body which rules on his application before government action may substantially affect a significant property interest. *Tate v. Wyoming Livestock Bd.*, 932 P.2d 746, 748 (Wyo. 1997) (*quoting Pfeil v. Amax Coal West, Inc.*, 908 P.2d 956, 961 (Wyo.1995)). Dr. Frank believes he was denied this right because the Board did not provide a fair investigation and consideration of his credentials. It is uncon-

tested, however, that subsequent to Dr. Frank's application, the Board investigated the reciprocity between Washington and Wyoming, afforded Dr. Frank a hearing after notice of the intent to deny his license, allowed Dr. Frank to appear at the hearing with his attorney, and allowed him to present evidence and cross-examine witnesses. There was no violation of procedural due process.

### C. DENIAL OF APPLICATION TO PRESENT ADDITIONAL EVIDENCE

■ Dr. Frank asserts the district court's denial of his application to present additional evidence prior to the hearing on appeal constitutes reversible error. W.R.A.P. 12.08 provides, in relevant part:

> If, before the date set for hearing, application is made to the reviewing court for leave to present additional evidence, and it is shown to the satisfaction of the court the additional evidence is material, *and good cause for failure to present it in the proceeding before the agency existed,* the reviewing court, in contested cases, shall order the additional evidence to be taken before the agency upon those conditions determined by the reviewing court.

(Emphasis added.) While the statute mandates court action if two criteria are present, the district court is given broad discretion in determining whether there is good cause for the failure to present the evidence before the agency. *Louisiana Land and Exploration Co. v. Wyoming Oil and Gas Conservation Com'n,* 809 P.2d 775, 781 (Wyo.1991). Dr. Frank failed to show good cause why he did not submit this material in the initial proceeding. His assertion that the "Board had never requested production of written requirements of other regional or state examinations from Dr. Frank until at the time of the hearing" is insufficient. Dr. Frank requested a hearing and carried the burden of demonstrating that the Board's denial of his license was contrary to statute. An essential element of his claim was the equivalency of the examinations he completed to the test required in Wyoming. He does not contend that this material was not available at the time he presented his case to the Board.

Consequently, the district court did not abuse its discretion in refusing supplementation of the record.

### V. CONCLUSION

Substantial evidence supported the Board's denial of Dr. Frank's application for licensure. The Board's determination to accept a certain examination for the clinical portion of licensure qualifications is supported by the evidence and rationally related to a substantial government interest. Similarly, the Board did not abuse its discretion in denying licensure on the basis of reciprocity when Dr. Frank did not so qualify under the statutory requirements. The district court's order affirming the determination of the Board is affirmed in all respects.