**In the Matter of the WORKER'S COMPENSATION CLAIM OF Roy SHRYACK, an Employee of Carr Construction Company, Inc.:**

**Roy Shryack, Appellant (Petitioner),**

v.

**Carr Construction Company, Inc., Appellee (Respondent),**

and

**State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellee (Respondent).**

No. 98–142.

Supreme Court of Wyoming.

April 7, 2000.

Representing Appellant: Donald J. Rissler of Central Wyoming Law Associates, P.C., Riverton, Wyoming.

Representing Appellee: William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General, Cheyenne, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

* Retired November 2, 1998.

THOMAS, Justice.

The significant issues raised by Roy Shryack (Shryack) in this case concern the sufficiency of the evidence to sustain the findings of fact made by the Office of Administrative Hearings in its Order Denying Benefits claimed under the Wyoming Worker's Compensation Act, Wyo. Stat. Ann. §§ 27–14–101—27–14–805 (Lexis 1999) (the Act), for a job-related injury, and Shryack's claim that the decision of the hearing examiner was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Collateral issues are raised with respect to an abuse of discretion by the district court in refusing to remand the case to the Office of Administrative Hearings to receive evidence concerning an earlier injury to Shryack and in refusing to allow discovery of possible misconduct on the part of the hearing examiner. In addition, an issue of unconstitutionality of Wyo. Stat. Ann. § 27–14–101 (Lexis 1999) is asserted, which is foreclosed in a judicial review of a decision of the Office of Administrative Hearings. We are satisfied that the evidence is sufficient to sustain the findings of fact made by the hearing examiner, and his decision is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The district court did not abuse its discretion in refusing to remand the case to the Office of Administrative Hearings for additional evidence relating to a 1994 injury or in refusing discovery of possible misconduct of the hearing examiner. The Order Denying Employee/Petitioner's Appeal in Affirming the Judgment of the Hearing Examiner is affirmed.

In the Appellant's Brief, filed on behalf of Shryack, the issues that are raised are:

### ISSUE I

Did the district court abuse its discretion by refusing to reopen appellant's 1994 injury?

### ISSUE II

Did the court abuse its discretion in failing to allow discovery of possible mis-

conduct on the part of the hearing examiner?

## ISSUE III

Is W.S. § 27–14–101 constitutional under the *Wyoming State Constitution?*

## ISSUE IV

Did the administrative law judge abuse his discretion by ignoring the clear medical evidence on causation in favor of lay testimony?

## ISSUE V

Are the overall findings [of] fact in the hearing examiner's decision of May 15, 1997 supported by substantial evidence?

This Statement of the Issues is found in the Brief of Appellee State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division (Division):

> The Employee hurt his back at work in 1994, and, despite his doctor's advice, he declined surgery. In 1996, after one month's work for a second employer, he claimed a similar back injury. The Hearing Examiner found he failed to prove any injury arising from his 1996 job.
>
> A. Was the Hearing Examiner's decision supported by substantial evidence?
>
> In the district court, the Employee applied to present additional evidence to prove (1) his 1996 injury was caused by the 1994 accident, and (2) the Hearing Examiner was biased.
>
> B. Did the district court properly deny the application to present additional evidence?

Shryack injured his back in 1994, while working for a previous employer in Cody. Although his physician presented the option of surgery on that occasion, Shryack opted for conservative treatment and therapy. His treatment for that injury was a covered benefit under the Wyoming Worker's Compensation Act, and his benefits, including any disability, were charged to the account of his employer in 1994. After completing the prescribed therapy Shryack returned to work.

On October 10, 1996, Shryack was working as a scraper operator for Carr Construction Co. (Carr). He was operating the lead, or pulling, scraper in tandem with another scraper, in what is called a "push-pull" operation. The purpose of the "push-pull" operation is to permit the two scrapers to combine their engine power while loading the scraper buckets. Shryack asserted that, on at least nineteen occasions that day, the pushing scraper hooked up with his scraper hard enough to jar him, and once so hard that his hand was jolted forward and broke the windshield. At the end of his shift, Shryack told his supervisor that his back hurt from the violent hook-ups.

Shryack went to the job site the next morning, but he told his supervisor that his back hurt too much to work. The supervisor directed Shryack to go to the company office and make out an accident report after Shryack said he planned to see a doctor that day. After several referrals, the treating physician diagnosed a herniated disc at L5–S1 in Shryack's back, which he surgically repaired on November 25, 1996.

Shryack filed a Report of Occupational Injury or Disease on October 11, 1996. Carr stated, in its section of the report, that the "injury may not have occurred as reported." An objection was filed to Shryack's claim, and the day after Shryack's surgery, November 26, 1996, the Division issued a Final Determination denying benefits because Shryack's condition was similar to that reported in a 1994 claim, thus suggesting there was no new injury. The Division did advise Shryack that he could file a claim under the 1994 injury file, but instead Shryack presented an Objection to Denial of Benefits and Request for a Hearing, relying upon the advice of his treating physician that the 1996 injury was a new injury.

The Office of Administrative Hearings conducted a hearing on the case, on April 9, 1997. Shryack testified on his own behalf, and presented the deposition testimony of his treating physician, who testified that in his opinion the herniated disc resulted from the 1996 scraper incident. Carr presented evidence that contradicted Shryack's version of the events of October 10, 1996. Carr further

suggested that Shryack was not injured while in its employ, but rather his disc problem was a continuation of his 1994 injury. The hearing examiner issued an Order Denying Benefits on May 15, 1997. The hearing examiner explained that he found the testimony of Carr's witnesses more credible than Shryack's testimony, which led to a finding that Shryack failed to meet his burden of proof. *Matter of Fisher,* 914 P.2d 1224, 1227 (Wyo.1996); Wyo. Stat. Ann. § 27–14–603(a) (Lexis 1999).

Shryack filed, in the district court, a timely Petition for Review of the Order Denying Benefits. He later filed an Application for Presentation of Additional Evidence, seeking to present evidence relating to his 1994 injury and evidence of bias on the part of the hearing examiner. Both parties submitted briefs, and the district court affirmed the hearing examiner's decision, denying at the same time Shryack's request to present new evidence. The district court ruled that "additional evidence would not be material as to any matters in issue as contemplated by Rule 12.08." This appeal is taken by Shryack from the Order Denying Employee/Petitioner's Appeal in Affirming the Judgment of Hearing Examiner.

 In his brief and argument, Shryack earnestly reargues the evidence presented at the administrative hearing, in effect asking this Court to substitute its judgment for that of the hearing examiner. Our review, however, is governed by our usual standard of review in these matters:

> A claimant for worker's compensation benefits has the burden of proving all the essential elements of the claim by a preponderance of the evidence in the contested case hearing. *Martinez v. State ex rel. Wyoming Workers' Compensation Div.,* 917 P.2d 619, 621 (Wyo.1996). When an agency decides that the party charged with the burden of proof has failed to meet that burden, the case is reviewed under the "[a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law" language of WYO. STAT. § 16–3–114(c)(ii) (1990). *City of Casper v. Utech,* 895 P.2d 449, 452 (Wyo.1995). On appeal the complainant * * * has the burden of

proving arbitrary administrative action. *Knight v. Environmental Quality Council of State of Wyo.,* 805 P.2d 268 (Wyo.1991); *Wyoming Bancorporation v. Bonham,* 527 P.2d 432, 439 (Wyo.1974); *Marathon Oil Co. v. Welch,* 379 P.2d 832, 836 (Wyo., 1963); *Whitesides v. Council of City of Cheyenne,* 78 Wyo. 80, 319 P.2d 520, 526 (1957). The agency, as the trier of fact, is charged with weighing the evidence and determining the credibility of witnesses. *Utech,* 895 P.2d at 451, and cases there cited. The deference normally accorded to the findings of fact by a trial court is extended to the administrative agency, and the agency's decision as to the facts will not be overturned unless it is clearly contrary to the overwhelming weight of the evidence. *Wyoming Steel & Fab, Inc. v. Robles,* 882 P.2d 873, 875 (Wyo.1994).

*Pederson v. State ex rel. Wyoming Workers' Compensation Div.,* 939 P.2d 740, 742 (Wyo. 1997).

 In his fifth stated issue, Shryack challenges the sufficiency of substantial evidence to support the overall findings in the decision of the hearing examiner. The hearing examiner concluded that Shryack had failed to meet the burden of proof assigned to him. In such an instance, we will not disturb the decision of the hearing examiner unless Shryack carries his burden of proving arbitrary or capricious agency action, or demonstrates that the findings of fact were contrary to the overwhelming weight of the evidence. We will not determine that an agency's action is arbitrary or capricious if it is "based on a consideration of relevant factors and is rational." *Mortgage Guaranty Ins. Corp. v. Langdon,* 634 P.2d 509, 520 (Wyo.1981).

 In reviewing the district court's refusal to remand the case to the Office of Administrative Hearings to take additional evidence as to the 1994 injury, the standard of review is articulated in *Matter of Harris,* 900 P.2d 1163, 1166–67 (Wyo.1995) (footnote omitted):

> Our standard of review in this instance is found in the wording of Rule 12.08. A party is required to satisfy the district

court there was good cause for not having presented the evidence in the proceedings before the agency. In *Wyoming Bank & Trust Co. v. Bonham*, 606 P.2d 296 (Wyo. 1980), we addressed a similar issue and that decision was meticulous in applying the words of the rule, rather than the more general abuse of discretion standard.

In considering the refusal of the district court to receive evidence relating to bias on the part of the hearing examiner, we apply an abuse of discretion standard. We recently described the standard of an abuse of discretion as "reaching the question of reasonableness of the choice made by the trial court." *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998). In *Vaughn*, we confirmed the following definition:

> "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Byerly v. Madsen*, 41 Wash.App. 495, 704 P.2d 1236 (1985)."

*Vaughn*, 962 P.2d at 151 (*quoting Martin v. State*, 720 P.2d 894, 897 (Wyo.1986)). This definition is equally useful for all rulings tested by the abuse of discretion standard.

▮▮▮▮ Shryack argues that the record does not encompass substantial evidence to support the hearing examiner's findings of fact. At the hearing, Shryack had the burden of proving every element of his claim; that burden did not shift to another party at any time. *Shassetz v. State ex rel., Wyoming Workers' Safety and Compensation Div.*, 920 P.2d 1246, 1248–50 (Wyo.1996). The hearing examiner found that Shryack failed to meet his burden of proof, ruling specifically that he had "failed to establish by a preponderance of the evidence that on October 10, 1996, he suffered an injury arising out of and in the course of employment while at work for Carr." This type of case does not readily lend itself to review under the substantial evidence standard because we would be asking, essentially, whether there was sufficient evidence to show that the claimant failed to produce sufficient evidence. The record provides a rational basis for the determination that Shryack did not sustain his burden of proof. Because it would be improper for us to re-weigh the evidence on appeal, we will consider the case under only an abuse of discretion standard. The decision of the hearing examiner "as to the facts will not be overturned unless it is clearly contrary to the overwhelming weight of the evidence. *Wyoming Steel & Fab, Inc. v. Robles*, 882 P.2d 873, 875 (Wyo.1994)." *Pederson*, 939 P.2d at 742.

Shryack does assert an abuse of discretion by the hearing examiner arguing that the hearing examiner assigned greater credibility to the testimony unfavorable to Shryack. Specifically, he cites our decision in *Bocek v. City of Sheridan*, 432 P.2d 893 (Wyo.1967) for the proposition that the hearing examiner erred by ignoring the testimony of his treating physician in favor of lay testimony. Shryack contends that because the treating physician's testimony was "unequivocal" and "unchallenged," *Bocek* serves to demonstrate an abuse of discretion that would justify this Court in setting aside the decision of the hearing examiner. The application of *Bocek* to these facts is deficient in at least three important ways: the treating physician's testimony was not unequivocal; neither was it unchallenged; nor did the hearing examiner ignore it.

The treating physician conceded that he based his medical opinion, in part, on information provided by Shryack, who had not told him of the 1994 back injury. The physician stated that the premise for his opinion was "[g]iven the facts I have and absent any other information that I'm not privy to." He further allowed that an unreported injury could have caused the injury any time between the 1994 injury and when he first examined Shryack in October 1996. The treating physician's testimony was equivocal.

The treating physician's testimony was not unchallenged. An orthopedic surgeon who testified for Carr stated, unequivocally, that the alleged events of October 10, 1996 did not cause, indeed could not have caused, Shryack's disc rupture. That witness also questioned the treating physician's diagnosis and choice of surgical intervention. A significant challenge was posed to the hearing

examiner with respect to the testimony of the treating physician.

It is clear that the hearing examiner did not ignore the treating physician's testimony. In the findings of fact, the hearing examiner cited the treating physician's deposition and the exhibits thereto to point out inconsistencies in Shryack's testimony. The hearing examiner explained that he assigned more weight to some evidence, but that does not amount to ignoring other evidence. The hearing examiner was well within the realm of the deference extended to him in determining credibility and weighing the evidence. *Matter of Everheart*, 957 P.2d 847, 853 (Wyo. 1998) ("the hearing examiner was the sole judge of the witnesses' credibility and was entitled to analyze the evidence on the basis of [his] credibility determinations."). We hold that the hearing examiner did not abuse his discretion.

 Shryack contends the district court abused its discretion when it refused to allow him to present evidence of his 1994 injury or evidence of the hearing examiner's alleged bias. For support, he looks to W.R.A.P. 12.08, which states, in relevant part:

> If, before the date set for hearing, application is made to the reviewing court for leave to present additional evidence, *and it is shown to the satisfaction of the court the additional evidence is material, and good cause for failure to present it in the proceeding before the agency existed,* the reviewing court, in contested cases, shall order the additional evidence to be taken before the agency upon those conditions determined by the reviewing court. The agency may adhere to, or modify, its findings and decision after receiving such additional evidence, and shall supplement the record to reflect the proceedings had and the decision made. Supplemental evidence may be taken by the reviewing court in cases involving fraud, or involving misconduct of some person engaged in the administration of the law affecting the decision.

(Emphasis added.) Although the rule mandates the acceptance of new evidence if the requirements are met, the reviewing court has "broad discretion in determining whether there is good cause for the failure to present the evidence before the agency." *Frank v. State By and Through Wyoming Bd. of Dental Examiners*, 965 P.2d 674, 680 (Wyo.1998) (*citing Louisiana Land and Exploration Co. v. Wyoming Oil and Gas Conservation Com'n*, 809 P.2d 775, 781 (Wyo.1991)). Shryack failed to show the district court good cause why he did not present the evidence in the hearing. The materiality of the additional evidence was not demonstrated. Shryack presented to the hearing examiner only the compensability of the 1996 injury, and he ignored an invitation to reopen the 1994 injury file. His claim that the district court abused its discretion by not remanding the matter for additional evidence on the 1994 injury failed to demonstrate any materiality to the issues presented to the district court for review. The record does not demonstrate any challenge to the hearing examiner either prior to or at the hearing that was conducted on Shryack's claim, and Shryack suggested nothing to indicate that the premise for such a challenge was not available to him at that time. Under the circumstances, we hold that there was no abuse of discretion by the district court in not remanding the case for the taking of evidence on that issue. The district court's holding was entirely reasonable under the circumstances, and we hold the district court did not abuse its discretion in denying Shryack's petition.

 Shryack argues that Wyo. Stat. Ann. § 27-14-101 is unconstitutional, asserting that it deprives him of a constitutionally guaranteed right. The issue of constitutionality of the statute is not properly before us. The issue was not present in the agency proceedings because administrative agencies are without authority to rule on the constitutionality of statutes. *Belco Petroleum Corp. v. State Bd. of Equalization*, 587 P.2d 204, 214 (Wyo.1978). As an appellate court, our review is limited to the record and issues presented to the hearing examiner. *State ex rel. Wyoming Workers' Compensation Div. v. Harris*, 931 P.2d 255, 258 (Wyo.1997). Therefore, it is impossible for a question of constitutionality to reach this Court on appeal from an administrative action. The appropriate remedy for such a question is a

declaratory judgment action, pursuant to W.R.A.P. 12.12. *In re Conflicting Lease Application for Wyoming Agr. Lease No. 1–7027*, 972 P.2d 586, 587 (Wyo.1999).

The hearing examiner's findings are adequately supported by the record, and they are not contrary to the overwhelming weight of the evidence. The record does not demonstrate an abuse of discretion by the hearing examiner. The district court did not abuse its discretion when it refused to remand the case for Shryack to present additional evidence on issues that were not material to his appeal. Finally, the constitutionality of Wyo. Stat. Ann. § 27–14–101 is not properly before this Court. The Order Denying Employee/Petitioner's Appeal in Affirming the Judgment of Hearing Examiner entered in the district court, affirming the decision of the hearing examiner and denying remand for the taking of additional evidence, is affirmed.