This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **No. 34,153**

**WILLIE MATA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

**{1}** Defendant Willie Mata appeals his convictions for trafficking methamphetamine (possession with intent to distribute) and possession of cocaine, following a conditional no contest plea, in which he reserved his right to appeal the district court's denial of his motion to suppress evidence. We issued a calendar notice proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. We remain unpersuaded by Defendant's arguments and therefore affirm.

**{2}** In his docketing statement, Defendant argued that he was illegally seized when an officer approached him on a street corner, asked him questions for a field interview card, and asked for his identification card. [DS 2-4] Based on the information obtained, the officer determined that Defendant had an outstanding arrest warrant; Defendant was arrested; and during a search incident to arrest, the officer found bags containing methamphetamine and cocaine. [DS 3; RP 17]

**{3}** In our calendar notice, we set forth our understanding of the facts and we proposed to agree with the district court's determination that the officer's and Defendant's initial encounter was consensual, Defendant was not seized until he was arrested on the outstanding arrest warrant, and the methamphetamine and cocaine were discovered after Defendant was arrested. [CN 2-4] In relevant part, we noted that a single officer approached Defendant on foot in broad daylight in a public area on the

corner of two streets; the officer asked Defendant if he would be willing to speak with the officer; Defendant stated "I don't mind Sir, what's up[;]" the officer informed Defendant that he wanted to collect information for a field interview card, explained what a field interview is, and asked Defendant if he would be willing to provide the officer with identification; Defendant responded by saying "Yeah" and handed the officer a New Mexico identification card. [CN 3, 6]

{4}    Defendant's memorandum in opposition fails to point out any errors in our understanding of the facts or our application of law. [*See generally* MIO] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Nevertheless, Defendant continues to assert that he was illegally seized when the officer "*ordered* him to provide identification to check for outstanding warrants" without reasonable suspicion. [MIO 1 (emphasis added)] He "submits that it is reasonable for this Court to interpret [the officer's] request for identification as an order, not a friendly request." [MIO 7] Additionally, Defendant claims that "he was at the mercy of [the officer] who held his personal identification in his hands and was not free to leave." [MIO 7] To the extent that Defendant is asking this Court to reweigh the evidence, we will not do so. As an appellate court, we "must defer to the

3

district court with respect to findings of historical fact so long as they are supported by substantial evidence." *State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856.

{5} For the same reasons detailed in this opinion and in our notice, we hold there was substantial evidence to support the district court's determination that the officer's and Defendant's initial encounter was consensual. *See State v. Walters*, 1997-NMCA-013, ¶ 18, 123 N.M. 88, 934 P.2d 282 ("Both our courts and the federal courts have held that a police officer may approach an individual, ask questions, and request identification without the encounter becoming a seizure under the Fourth Amendment.").

{6} Based on the foregoing discussion, as well as the reasoning set forth in our previous notice, we affirm.

{7} **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

4

_____

**M. MONICA ZAMORA, Judge**