The STATE of Wyoming, DEPARTMENT OF FAMILY SERVICES, DIVISION OF PUBLIC ASSISTANCE AND SOCIAL SERVICES, Appellant (Intervenor),

v.

Michael L. PETERSON, Appellee (Respondent).

No. 97–59.

Supreme Court of Wyoming.

March 16, 1998.

Rehearing Granted April 9, 1998.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; Dan S. Wilde, Assistant Attorney General, for Appellant.

No appearance for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

The State of Wyoming, Department of Family Services, Division of Public Assistance and Social Services, (Department) appeals from the district court's order which vacated an ex parte order allowing the Department to intervene in a child and spousal support collection case. Because the Department did not have sufficient interest in the matter to support a motion to intervene as a party, the district court vacated its order granting intervention.

We affirm.

## ISSUE

Appellant Department submits this issue to the Court:

> Whether the Wyoming District Court erred as a matter of law when it held that the Department of Family Services did not have standing to bring a support enforcement action on behalf of a non-Aid to Families with Dependent Children (AFDC) custodial parent without representing the custodial parent.

Appellee Michael L. Peterson, the non-custodial father, did not file a brief.

## FACTS

The divorce decree underlying this matter was entered on December 4, 1981. The parties to the divorce, Kathleen A. Peterson and Michael L. Peterson, had three children before the divorce. The decree established a child support obligation of $200.00 per child per month, beginning January 1, 1982. The

decree also established a support and maintenance obligation from Michael to Kathleen in the amount of $300.00 per month beginning January 1, 1982.

Over time, Michael failed to pay some of his obligations pursuant to the divorce decree. On January 31, 1996, the Department filed a motion for an order to show cause and a motion to intervene in the district court which originated the decree. The Department asked the court to initiate contempt proceedings, alleging Michael was in arrears in the amount of $16,098.89 for child support and $43,425.60 for spousal support. The district court entered an order allowing intervention by the Department on February 1, 1996.

After a hearing on March 15, 1996, the district court asked the Department and Michael to brief the issues of: 1) whether the Department had standing to intervene in this action when no public funds were expended on behalf of the minor children; and 2) whether the Department must represent the Petitioner, Kathleen, in order to be involved in this action. After receiving briefing on the matter, the district court issued a decision letter on November 8, 1996, which held that the Department did not have standing to intervene *as a party* in a child/spousal support case when the custodial parent never received public benefits. On January 23, 1997, the district court entered its order vacating the order allowing intervention. This appeal timely followed.

## DISCUSSION

In 1974, Congress amended the Social Security Act by adding Title IV, Part D, (codified as amended at 42 U.S.C. § 651 *et seq.*). *Carter v. Morrow,* 562 F.Supp. 311, 312 (W.D.N.C.1983). "Title IV–D established a Child Support Enforcement Program, '[f]or the purpose of enforcing the support obligations owed by absent parents to their children ..., locating absent parents, establishing paternity, and obtaining child and spousal support.' " *Id.* at 312–13 (quoting 42 U.S.C. § 651). Title IV–D was "set up as an intergovernmental operation involving federal, state and local governments, with the states having primary responsibility for administering the program." *Id.* at 313. Title IV–D requires each state to develop and adopt a plan for delivery of services. *Id.* (citing 42 U.S.C. § 654). The Act contains considerable detail concerning what the state plan must contain. *Id.*

The Wyoming Child Support Enforcement Act was established in response to the enactment of Title IV–D. WYO. STAT. § 20–6–101 *et seq.* (1997). The Department designated a "child support enforcement section" to administer the program. WYO. STAT. § 20–6–103(b) (1997). The services provided by the child support enforcement program include the enforcement of an obligor's child support payments. WYO. STAT. § 20–6–104 (1997). The child support enforcement program also provides that child support enforcement services shall be provided to recipients of public assistance and to "[a]ny obligee residing in Wyoming" if eligible for assistance in enforcement of support obligations based on standards established by the Department. WYO. STAT. § 20–6–105(a) (1997). Finally, the program provides that the Department may contract with private attorneys for legal services as necessary in enforcing support obligations and may provide the same services to applicant obligees who are not recipients of public assistance. WYO. STAT. § 20–6–106(k) and (m)(ii) (1997).

Wyoming Rule of Civil Procedure 24 sets forth the requirements and procedure for intervention:

(a) *Intervention of right.* — Upon timely application anyone shall be permitted to intervene in an action:

(1) When a statute confers an unconditional right to intervene; or

(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

* * *

(c) *Procedure.* — A person desiring to intervene shall serve a motion to intervene

upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute gives a right to intervene.

The Department does not argue that the child support enforcement statutes confer an unconditional right to intervene in child support enforcement actions. Therefore, subsection (a)(1) of the rule does not apply here. Rather, the Department argues that because it is required to provide child support enforcement services to public welfare recipients and non-welfare recipients, it has an interest in providing those services and must do so by intervening in the action as a party.

■ Three conditions must be met in order for an intervention applicant to come within the provisions of Rule 24(a)(2). *Platte County School Dist. No. 1 v. Basin Electric Power Co-op.*, 638 P.2d 1276, 1278 (Wyo. 1982). The applicant must have an interest in the subject of the action, be able to show that a failure to allow intervention will impair or impede the applicant's ability to protect that interest, and it must be apparent that the applicant's interest is not adequately represented by existing parties. *Id.* (citing WYO. R. CIV. P. 24(a) and *Rawlins v. Stanley*, 207 Kan. 564, 486 P.2d 840 (1971)). The resolution of a right-to-intervene problem involves a mixed question of law and fact. *Id.* The applicant is obliged to demonstrate that it has a significant interest in the present litigation and not one that was merely contingent or similar to the interest of any member of the public at large. *Id.* at 1279.

■ In the case at hand, the Department's motion to intervene recited the following:

COMES NOW the State of Wyoming, by and through its attorney, respectfully moves the Court for an Order granting intervention in the above numbered cause and states and recites that one or more of the following events has occurred:

1. The State of Wyoming has been asked to provide child support services to the Petitioner pursuant to Title 20 of the Wyoming Statutes.

2. The State of Wyoming has an interest in enforcing the child support order, collecting arrears and medical insurance on behalf of the minor child pursuant to Title IV–D of the Social Security Act.

The Department refers to the Title IV–D program in its motion to intervene and relies heavily in its appellate brief on *Carter v. Morrow*, 562 F.Supp. 311 (W.D.N.C.1983), which held that states participating in the federal programs, such as AFDC (Aid to Families with Dependent Children) (referred to as the POWER program in the current statutes), must provide services for both AFDC and non-AFDC children. However, on its face, the Department's motion to intervene does not contain grounds for a Rule 24 intervention. The assertion that the State, or the Department, has an interest in enforcing the child support order and collecting arrears does not allege or establish "a significant protectable interest in the suit." *Platte County School District*, 638 P.2d at 1279.

■ On the other hand, recipients of public aid are required to assign all rights to child and spousal support, whether accrued, present or future, to the Department. WYO. STAT. § 20–6–106(a) (1997). When recipients of public aid assign their interest in child and spousal support over to the Department, the Department has a significant protectable interest in enforcing and obtaining the child and spousal support awards. The Department is allowed to keep that portion of the support which is assigned to it and, with respect to any child on behalf of whom public assistance has been paid, has a cause of action against an obligor to recover support due to that child. WYO. STAT. § 20–6–106(b) (1997). That action may be brought in either the Department's own name or in the name of the obligee or obligor. *Id.* Intervention by the Department is appropriate in cases where the obligee has assigned his or her interest in support payments over to the Department. In that situation, the requirements of Rule 24 are met, not because the Department is required to provide support enforcement services to the obligee, but because the Department has an assigned monetary interest in the matter and is a real party in interest.

We agree with the Department that if it receives an application for services from an obligee residing in Wyoming and the applicant meets the standards established by the Department to determine if the applicant is eligible for assistance in enforcing support obligations, then the Department must provide child support services to that obligee. WYO. STAT. § 20–6–105(a)(ii) (1997). However, contrary to the Department's assertions, neither that statutory provision, nor any other provision found in Wyoming's Child Support Enforcement Act, unconditionally confers upon the Department the right to intervene, or requires the Department to intervene, pursuant to Rule 24. *See, e.g., Carter,* 562 F.Supp. at 316 (states provide a wide variety of methods to provide in-court legal representation to their clients, the only requirement of the IV–D program is that the same *services* be provided to both AFDC recipients and non-recipients); *State ex rel. Jeske v. Jeske,* 144 Wis.2d 364, 424 N.W.2d 196, 197 (1988) (state has authority to represent a custodial parent and her child by bringing a motion on their behalf when neither the parent nor the child receive public assistance); *compare, Cabinet for Human Resources v. Houck,* 908 S.W.2d 673, 674 (Ky.Ct.App.1995) (statute allowing the state or its designee to "appear in any judicial proceeding on behalf of the dependent child in order to secure support for the child from his parent or parents" confers authority to intervene as of right in a divorce action in order to provide IV–D services).

If the obligee of a child or spousal support award is not receiving public assistance, the support award is not assigned to the Department. Therefore, the Department is not a party in interest in the matter. Clearly, the Department must provide the same services to applicant obligees who are not recipients of public assistance as it provides to obligees who receive public assistance. WYO. STAT. § 20–6–106(m)(ii) (1997). However, that requirement does not vest the Department with the type of interest required to intervene *as a party* in an action or to bring an action in its own name. *See* WYO. R. CIV. P. 24; and *compare* WYO. STAT. § 20–6–106(b) (1997).

The legislature has not seen fit to confer upon the Department an unconditional right to intervene in child support enforcement actions. The Department does not have sufficient interest in the action based solely on the statute which requires provision of child support enforcement services. Therefore, the Department may not intervene in a child support enforcement action unless its motion to intervene claims a significant protectable interest which is not adequately represented by the existing parties. WYO. R. CIV. P. 24.

## CONCLUSION

The requirement that the Department provide the same services to recipients and non-recipients of public support does not create the type of interest required for the Department to intervene pursuant to WYO. R. CIV. P. 24. The district court properly determined the Department's motion to intervene was improvidently granted because the Department did not have the appropriate interest or standing to intervene as a party. Therefore, we affirm.