The STATE of Wyoming, DEPARTMENT OF FAMILY SERVICES, DIVISION OF PUBLIC ASSISTANCE AND SOCIAL SERVICES, Appellant (Intervenor),

v.

Michael L. PETERSON, Appellee (Respondent).

No. 97–59.

Supreme Court of Wyoming.

Aug. 12, 1998.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; Dan S. Wilde, Assistant Attorney General; Kari Jo Gray, Special Assistant Attorney General. Argument by Kari Jo Gray, for Appellant(Intervenor).

No appearance for Appellee(Respondent).

Before LEHMAN*, C.J., and THOMAS, MACY and GOLDEN, JJ. and GRANT, District Judge.

GOLDEN, Justice.

Following the publication of this Court's original opinion in *Wyo. Dept. of Family Svs., Div. of Public Assistance and Social Services v. Peterson,* 955 P.2d 884 (Wyo.1998) (*Peterson I*), in which we affirmed the district court's order which vacated its earlier ex parte order granting intervention to the Department of Family Services, Division of Public Assistance and Social Services (Department), in a child and spousal[1] support collection case, the Department filed and this Court granted a petition for rehearing. The Court ordered rebriefing and held oral argument.

As we noted in *Peterson I,* the Department did not maintain that it had an unconditional statutory right to intervene in a support collection case pursuant to WYO. R. CIV. P. 24(a)(1).[2] Rather, the Department argued that its interest in such matters provided the interest required under WYO. R. CIV. P. 24(a)(2). Upon rehearing, however, the Department argues that WYO. STAT. § 20–6–306(a) confers an unconditional right to intervene in this action pursuant to WYO. R. CIV. P. 24(a)(1). The statute provides:

> Any party, or the department of family services in the case of child support orders being enforced by the child support en-

---

* Chief Justice effective July 1, 1998.

1. The Department's brief does not address whether it had authority to enforce a spousal support order or which statute it might rely upon to invoke that authority. Therefore, we decline to address that issue here.

2. Wyo. R. Civ. P. provides:
   (a) *Intervention of right.*—Upon timely application anyone shall be permitted to intervene in an action:

(1) When a statute confers an unconditional right to intervene; or
(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

forcement section, may petition for a review and adjustment of any child support order that was entered more than six (6) months prior to the petition or which has not been adjusted within six (6) months from the date of filing of the petition for review and adjustment.

Wyo. Stat. § 20–6–306(a) (1997).

This Court now modifies the original opinion. We hold that the statutory language "[provision of] the same services to applicant obligees who are not recipients of public assistance" found in Wyo. Stat. § 20–6–106(m)(ii) (1997) authorizes the Department to bring this action to enforce the child support order in this case pursuant to Wyo. Stat. § 20–6–306(a) (1997). The Department may bring this action in its own name, without regard to the obligee's status as a recipient or non-recipient of public assistance.

Unfortunately, the statutory language pertinent to the issue at bar is somewhat unclear. We suggest that it would be useful to the Department and the courts of this state if the legislative branch would adopt a statute which clearly confers, or declines to confer, "an unconditional right to intervene" upon the Department in those cases which do not involve benefit recipients.

Absent such action by the legislature, we refer the Department to the following definitions which may assist them in the future, taking judicial notice that the Department has used such terms in its captions in the past:

**Ex relatione.** Upon relation or information.

Legal proceedings which are instituted by the attorney general (or other proper person) in the name and behalf of the state, but on the information and at the instigation of an individual who has a private interest in the matter, are said to be taken "on the relation" (*ex relatione*) of such person, who is called the "relator." Such a cause is usually entitled thus: "State *ex rel.* Doe v. Roe." * * *.

**Relator.** An informer. The person upon whose complaint, or at whose instance certain writs are issued such as information or writ of *quo warranto,* and who is *quasi* the plaintiff in the proceeding. * * *.

**Quasi.** As if; almost as it were; analogous to. This term is used in legal phraseology to indicate that one subject resembles another, with which it is compared, in certain characteristics, but that there are intrinsic and material differences between them. * * *.

Black's Law Dictionary 522–23, 1159, 1120 (5th ed.1979).

In accordance with this modification, we remand this case to the district court for further proceedings consistent with this opinion.