**Debra Janet FLORES, Appellant (Plaintiff),**

v.

**Abel FLORES, Appellee (Defendant).**

No. 98–58.

Supreme Court of Wyoming.

May 13, 1999.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; Dan S. Wilde, Assistant Attorney General; Harry D. Ivey, Special Assistant Attorney General, Representing State of Wyoming, Department of Family Services, on behalf of Appellant.

William R. Shelledy, Jr., of Scott, Shelledy and Luhm, P.C., Worland, Wyoming, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

GOLDEN, Justice.

In this appeal, we address the conflict created by Wyo. Stat. Ann. § 20–6–105(a)(i) (Michie 1997) of the Wyoming Child Support Enforcement Act limiting services provided by the State of Wyoming (State) through its child support enforcement agency to Wyoming residents and Wyo. Stat. Ann. § 20–4–157(a) (Michie 1997) of Wyoming's Uniform Interstate Family Support Act (UIFSA) requiring the State to provide services to any individual upon request. The district court ruled that the State could not petition for a modification of a child support order entered in Wyoming because Appellant Debra Janet Flores (Mrs. Flores) was a Colorado resident.

We hold that the legislature intended Wyo. Stat. Ann. § 20–6–105(a)(i) to apply to intrastate agency services and did not intend to limit the interstate services that the State is mandated to provide under UIFSA. We reverse the district court's order denying the State's petition and remand for hearing.

## ISSUES

The State of Wyoming, Department of Family Services, on behalf of Mrs. Flores, presents these issues for our review:

I. Did the District Court err when it determined the State of Wyoming was not authorized to petition for a modification of child support under the Uniform Interstate Family Support Act?

II. Did the District Court err when it determined the State of Wyoming was not authorized to petition for modification of a Wyoming child support order when the obligee does not reside within the State of Wyoming?

Appellee Abel Flores (Mr. Flores) rephrases the issue as:

Whether the Child Support Enforcement Act (W.S. § 20.-6–101 et seq.) allows for child support enforcement services for support obligees who are neither recipients of aid under the POWER program nor residents of Wyoming?

## FACTS

At the time that the Flores divorced in 1994 in Wyoming, they had three minor children. Mr. Flores was awarded custody of the two older children, and Mrs. Flores was awarded custody of the youngest child. The two older children became emancipated, but, because the original divorce decree had not awarded child support to either party, Mrs. Flores did not receive any child support from Mr. Flores for their youngest, unemancipated child.

Mrs. Flores, now a resident of Colorado, applied for child support from Wyoming's child support enforcement authorities through a uniform support petition prepared by Colorado child support enforcement authorities. In response to the interstate petition, the State filed a petition for modification of support and judgment of arrears and served it on Mr. Flores. Following a hearing, the district court denied the State's petition for modification based upon Wyo. Stat. Ann. § 20–6–105(a)(i) and (ii). The district court approved a stipulated record stating:

1. At the modification hearing on December 15, 1997, Appellee Abel Flores (hereinafter "Appellee") argued that Appellant State of Wyoming (hereinafter "Appellant") did not have authority to provide child support services to [Mrs.] Flores since she was not a resident of Wyoming. Appellee cited § 20–6–105(a)(i)(ii) in support of his argument. Said statute states that child support enforcement services shall be provided to (i) POWER recipients and (ii) any obligee residing in Wyoming.

2. Appellant argued that the Uniform Interstate Family Support Act not only gives authority to provide services, but actually mandates that Appellant provides services to any applicant. Specifically, Appellant relied on W.S. § 20–4–147(b), W.S. § 20–4–151, and W.S. § 20–4–155(b)(i) and W.S. § 20–4–157. Additionally, Appellant relied on 45 C.F.R. 302.33(a)(i) which states that services shall be available to any individual who files an application.

3. The District Court contended that the statutes cited by Appellant gave the Court authority to hear a modification but did not confer authority on the child support agency to provide services to a non-resident of Wyoming. Further, the Court found that the Code of Federal Regulations conflicts with W.S. § 20–6–105(a)(i)(ii). The Court therefore relied on the specific Wyoming statute and ordered that child support services could not be provided to a non-resident of Wyoming pursuant to W.S. § 20–6–105(a)(i)(ii).

This appeal followed.

## DISCUSSION

The State contends that the district court erred when it determined that it was not authorized to petition for a modification of child support under UIFSA and when it determined that the Department of Family Services was not authorized to petition for modification of a Wyoming child support order when the obligee does not reside within the state of Wyoming. Mr. Flores contends that the plain language of Wyo. Stat. Ann. § 20–6–105(a) does not allow the State to provide what he believes is essentially free legal services to a support obligee seeking a support increase who is neither a recipient of public assistance nor a resident of the state. The relevant part of the statute provides:

§ 20–6–105. **Eligibility for services; fees for services.**

(a) Child support enforcement services shall be provided to:

(i) Those recipients of aid under the personal opportunities with employment responsibilities (POWER) program who, as a condition of eligibility under federal law, are required to assign their rights to support to, and cooperate with, the department in the establishment of parentage and the enforcement of support obligations; and

(ii) Any obligee residing in Wyoming....

Wyo. Stat. Ann. § 20–6–105(a)(i) and (ii) (Michie 1997).

### Standard of Review

"Statutory interpretation is a question of law, so our standard of review is *de novo* .... If the conclusion of law is in accordance with the law, we affirm it; if it is not, we correct it." *May v. May*, 945 P.2d 1189, 1191 (Wyo.1997) (citing *Parker Land and Cattle Co. v. Wyoming Game and Fish Comm'n*, 845 P.2d 1040, 1042 (Wyo.1993)).

"We endeavor to interpret statutes in accordance with the Legislature's intent. We begin by making an ' inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' *Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker*, 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute in pari materia."

*Cargill v. State, Dept. of Health, Div. of Health Care Financing*, 967 P.2d 999, 1001 (Wyo.1998) (quoting *Wyoming Workers' Safety and Compensation Div. v. Bruhn*, 951 P.2d 373, 376 (Wyo.1997)).

### Availability of Services

Wyo. Stat. Ann. § 20–6–105(a)(i) and (ii) (Michie 1997) mandate that child support enforcement services shall be provided to certain recipients of public assistance and " any obligee residing in Wyoming." We have recognized, however, that the statutory language "[provision of] the same services to applicant obligees who are not recipients of public assistance" in Wyo. Stat. Ann. § 20–6–106(m)(ii) (Michie 1997) authorized the Department of Family Services to bring an action in its own name, without regard to the obligee's status as a recipient or non-recipient of public assistance. *Dept. of Family Services v. Peterson*, 960 P.2d 1022, 1023 (Wyo.1998). Here, the district court relied on the statute's specification that services shall be provided to a resident obligee and determined this language excluded a nonresident obligee from receiving agency services under UIFSA, codified at Wyo. Stat. Ann. § 20–4–139 through 20–4–189 (Michie 1997).

Effective July 1, 1998, Wyo. Stat. Ann. § 20–6–105(a)(ii) was modified to state that services shall be provided "to any obligee or obligor residing in Wyoming;" however, Mrs. Flores' petition for modification of support and judgment of arrears was filed on July 31, 1997, and we will apply the statute in effect at that time. The district court's ruling presents the precise issue of whether this statute may limit the agency's duties provided for in UIFSA.

In 1974, Congress amended the Social Security Act to require states to establish the Child Support Enforcement Program in order to receive federal funding. *Dept. of Family Services v. Peterson*, 955 P.2d 884, 886 (Wyo.1998), *modified*, 960 P.2d 1022 (1998). In response, the Wyoming Legislature enacted the Wyoming Child Support Enforcement Act in 1984. 1984 Wyo. Sess. Laws Ch. 51 § 1. To address interstate child support enforcement issues, the Wyoming Legislature enacted UIFSA in 1995 to replace the Uniform Reciprocal Enforcement Support Act (URESA), and Congress has since mandated that all states adopt UIFSA. 1995 Wyo. Sess. Laws Ch. 148 § 1; 42 U.S.C.A. § 666(f) (West Supp.1991–1998); Uniform Interstate Family Support Act (1992) § 501, 9 U.L.A. 454 (Supp.1998). UIFSA was also modified effective July 1, 1998, but we will apply the version in effect at the time Mrs. Flores' petition was filed in 1997. 1998 Wyo. Sess. Laws Ch. 97 § 2. A state that participates in a federally funded program must comply with the federal laws governing the program. *Davidson v. Sher-*

*man,* 848 P.2d 1341, 1343 (Wyo.1993). In this case, the district court recognized that UIFSA as codified in the federal law required the agency to provide services to any applicant, but ruled that it conflicted with the state law expressed in Wyo. Stat. Ann. § 20–6–105(a)(ii) and held the latter must be applied. The Wyoming version of UIFSA requires the State to provide services to any petitioner upon request. Wyo. Stat. Ann. § 20–4–157(a) (Michie 1997).

 Generally, a statute that specifically names the persons affected is to be construed as excluding from its effect all those not expressly mentioned. *City of Cheyenne v. Huitt,* 844 P.2d 1102, 1104 (Wyo.1993). When two sections of legislation contradict each other, however, a court should give them a reading that gives them both effect. *Wyoming State Treasurer v. City of Casper,* 551 P.2d 687, 697 (Wyo.1976). Where, as here, the legislature modified § 20–6–105(a) in 1997 well after its adoption of UIFSA, which does not limit availability of services, we presume it did so with full knowledge of existing law and as part of a uniform system of jurisprudence. *Parker,* 845 P.2d at 1044 (quoting *Civic Ass'n of Wyoming v. Railway Motor Fuels,* 57 Wyo. 213, 238, 116 P.2d 236, 245 (1941)). Our examination of the underlying statutory scheme convinces us that by holding that § 20–6–105(a)(ii) was not intended to limit services available under UIFSA, this Court preserves and enforces the legislative intent of both provisions.

*Underlying Statutory Scheme*

Congress' well-established conviction that the number of recipients needing and collecting public assistance could be reduced by state guidelines establishing support and state enforcement of spousal and child support orders propelled enactment of child support enforcement acts in every state. Mark S. Coven, *Welfare Reform, Contempt and Child Support Enforcement,* 30 Suffolk U.L.Rev. 1067, 1069–72 (1997). It was soon apparent, however, that by traveling across state lines, obligors created difficulty for obligees and courts to collect support. Tina M. Fielding, *The Uniform Interstate Family Support Act: The New URESA,* 20 U. Dayton L.Rev. 425, 426 (1994). Intent upon decreasing these difficulties, uniform laws like the Uniform Reciprocal Enforcement Support Act (URESA) and the Revised Uniform Reciprocal Enforcement Support Act (RURESA) were designed to seek out obligors and enforce support orders issued by other states. *Id.* at 427. These laws proved to have procedural defects and loopholes that allowed some states to avoid or inadequately enforce interstate support orders. *Id.* at 444–46. Both laws were adjudged as failures in resolving obligees' difficulties in collecting adequate support. *Id.* To address shortcomings, the UIFSA was proposed to replace URESA and all states were required to adopt it by July 1, 1998. 42 U.S.C.A. § 666(f) (West Supp.1991–1998); 42 U.S.C.A. § 654(20) (West 1991); *Child Support Enforcement Div. v. Brenckle,* 424 Mass. 214, 675 N.E.2d 390, 392 (1997).

UIFSA permits either an "individual petitioner or a support enforcement agency" to commence proceedings authorized under it and specifically requires this state's support enforcement agency to provide services "upon request … to a petitioner" in a proceeding under it. Wyo. Stat. Ann. § 20–4–151(c) (Michie Supp.1998); Wyo. Stat. Ann. § 20–4–157(a) (Michie 1997). The Act explicitly authorizes parties to retain private legal counsel as well as to use the services of a state support enforcement agency, and the official comments to the Act tell us this provision was included because RURESA's failure to clearly recognize the power caused confusion. Wyo. Stat. Ann. § 20–4–159 (Michie 1997); Uniform Interstate Family Support Act (1996) § 309 cmt, 9 U.L.A 368 (Part 1, Supp.1998). Plainly, the only condition precedent for agency services under UIFSA is a petition and, as the district court recognized, that conflicts with Wyo. Stat. Ann. § 20–6–105(a)'s limitation of agency services to residents.

Wyoming's Child Support Enforcement Act primarily concerns itself with intrastate child support issues. It does, however, address interstate child support concerns in Wyo. Stat. Ann. § 20–6–109 (Michie Supp. 1998) which directs that "[t]he department shall assist other states in locating absent parents, establishing parentage and securing child support as required in order for the state to qualify for federal funds under Title IV–D." This provision was part of the origi-

nal act passed in 1984 and was intended to address the interstate efforts then in place; however, Wyoming's statutory scheme manifests a strong interest in ensuring that child support payments are made by the responsible parent. As just discussed, Congress has honed and refined its mandatory uniform laws in an effort to achieve maximum support collections and reduce public assistance, leading to the conflict between UIFSA and § 20–6–105(a). Although it has not been updated of late, the plain language of § 20–6–109 is easily understood to authorize the department to follow any federally required interstate laws, and we hold that the legislature intended that UIFSA would not be limited by § 20–6–105(a).

Accordingly, we extend *Peterson's* holding that the Department of Family Services is authorized to bring an action in its own name, without regard to the obligee's status as a recipient or non-recipient of public assistance, to also provide that the State is authorized to bring an action in its own name, without regard to the residency of the obligee.

We reverse the district court's denial of this petition and remand with directions to hear the petition for modification and judgment of arrears in accordance with UIFSA.