US WEST COMMUNICATIONS, INC.,
Appellant (Petitioner),

v.

The WYOMING PUBLIC SERVICE
COMMISSION; Steve Ellenbecker and
Kristin H. Lee, in their official capacities as Commissioners of the Wyoming
Public Service Commission, Appellees
(Respondents).

No. 98–82.

Supreme Court of Wyoming.

Oct. 22, 1999.

Representing Appellant: Paul J. Hickey and Roger Fransen of Hickey, Mackey, Evans, Walker & Stewart, Cheyenne, Wyoming; and Andrew D. Crain of U S WEST Communications, Inc., Denver, Colorado.

Representing Appellees: William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Carrol S. Verosky, Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

* Retired November 2, 1998.

MACY, Justice.

Appellant US WEST Communications, Inc. appeals from the order issued by Appellee Wyoming Public Service Commission (the commission) in which it concluded that US WEST's Integrated Services Digital Network (ISDN) was a noncompetitive, essential telecommunications service and was subject to regulation by the commission.

We reverse.

## ISSUE

US WEST presents a single issue in its appeal:

Did the Public Service Commission of Wyoming err when it concluded that ISDN is an essential service under the Wyoming Telecommunications Act of 1995?

## FACTS

On June 24, 1996, US WEST filed a report of tariff change and price schedules with the commission, introducing ISDN as a new competitive telecommunications service in Wyoming. ISDN is an enhanced digital service which provides high-speed digital communications. It utilizes the same copper loop infrastructure as the traditional voice telephone service utilizes. ISDN allows the transmission of voice, data, video, and facsimile over the same line and, if desired, at the same time. Specialized customer premises equipment and central office software are required for the ISDN technology. ISDN is not available throughout Wyoming, and the telecommunications service is significantly more expensive for customers than traditional voice telephone service is.

The commission issued a notice of US WEST's application and directed US WEST to show that ISDN is a competitive telecommunications service. US WEST responded to the notice, stating that ISDN is a competitive telecommunications service and not a local exchange service or an essential telecommunications service. AT&T Communications of the Mountain States, Inc., MCI Telecommunications Corporation, Consumer

Advocate Staff, and Laurence Glass were granted leave to intervene in US WEST's application proceeding.[1]

The commission held a public hearing, and, on December 22, 1997, it issued its decision. The commission concluded that it had jurisdiction to regulate ISDN as a noncompetitive telecommunications service. It determined that ISDN is an essential telecommunications service, as defined in Wyo. Stat. Ann. § 37–15–103(a)(iv) (LEXIS 1999), and that ISDN is, accordingly, a local exchange service and specifically exempt from being a competitive telecommunications service under Wyo. Stat. Ann. § 37–15–202(c) (LEXIS 1999). The commission also ruled that ISDN is not a competitive telecommunications service under Wyo. Stat. Ann. § 37–15–202(a) (LEXIS 1999). US WEST filed a petition with the district court for a review of the commission's decision, and the district court certified the case to the Wyoming Supreme Court pursuant to W.R.A.P. 12.09(b).

## STANDARD OF REVIEW

When we review cases which have been certified to the Wyoming Supreme Court pursuant to W.R.A.P. 12.09(b), we apply the appellate standards that are applicable to the court of the first instance. *Union Telephone Company, Inc. v. Wyoming Public Service Commission*, 907 P.2d 340, 341–42 (Wyo.1995). Judicial review of administrative decisions is limited to a determination of the matters specified in Wyo. Stat. Ann. § 16–3–114(c) (LEXIS 1999). W.R.A.P. 12.09(a); *Everheart v. S & L Industrial*, 957 P.2d 847, 851 (Wyo.1998). In reviewing an agency's findings of fact, we determine whether substantial evidence supports the findings. *DeWall v. State ex rel. Wyoming Workers' Safety and Compensation Division*, 960 P.2d 502, 503 (Wyo.1998). Substantial

evidence is relevant evidence which a reasonable mind may accept in support of the agency's conclusions. *Id.*

We review an agency's conclusions of law *de novo. Wyoming Department of Transportation v. Haglund*, 982 P.2d 699, 700 (Wyo.1999). We affirm an agency's conclusions if the agency properly applied its findings of fact to the correct rule of law. *Texaco, Inc. v. State Board of Equalization*, 845 P.2d 398, 399 (Wyo.1993). If, however, the agency applied its findings to the wrong rule of law or if it improperly applied its findings to the correct rule of law, we correct the agency's errors. *Id.*

## DISCUSSION

US WEST contends that the commission erred when it concluded that ISDN was an essential telecommunications service. The commission maintains that its decision was in accordance with the applicable Wyoming statutes.[2] We agree with US WEST.

In order to resolve this case, we must consider a number of related statutory provisions. When we construe statutes, we ascertain and effectuate the legislature's intent. *See State Department of Revenue and Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo.1994). We begin by making an " 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker*, 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We consider the entirety of a statute, utilizing every word, clause, and sentence, and we read together all parts of the statute *in pari materia. Id.; see also Meerscheidt v. State*, 931 P.2d 220, 223 (Wyo.1997). Courts decide

---

1. The intervenors did not participate in this appeal.

2. The commission argues that US WEST's proposal to require customers to enter into long-term contracts for ISDN is inherently anti-competitive and suggests that US WEST's proposal violates the Federal Telecommunications Act of 1996. The commission only briefly mentioned the anti-competitive nature of the contracts in its

ruling, and it did not cite to the federal law or offer additional authority to support its statement. We, therefore, limit our decision in this case to a determination of US WEST's issue concerning whether or not, under the relevant Wyoming statutes, ISDN is a competitive telecommunications service. We will reserve judgment on the propriety of US WEST's proposed contracts until the issue is squarely and properly before this Court.

as a matter of law whether a statute is clear or ambiguous. *Gunderson v. State*, 925 P.2d 1300, 1304 (Wyo.1996). If we determine that the statute is clear and unambiguous, we give effect to the plain language of the statute. *Id.*

Section 37–15–202(a) provides that competitive telecommunications services are not subject to price regulation by the commission. *US West Communications, Inc. v. Wyoming Public Service Commission*, 958 P.2d 371, 374 (Wyo.1998). Competitive telecommunications services are those services "found by the legislature or the commission to be competitive in accordance with W.S. 37–15–202." Wyo. Stat. Ann. § 37–15–103(a)(ix) (LEXIS 1999). Predictably, non-competitive telecommunications services are those services which have not been "found by the legislature or the commission to be competitive in accordance with W.S. 37–15–202." Wyo. Stat. Ann. § 37–15–103(a)(iii) (LEXIS 1999).

Section 37–15–202(c) delineates the telecommunications services which the legislature has determined are competitive. *US West Communications, Inc. v. Wyoming Public Service Commission*, 988 P.2d 1061, 1065 (Wyo.1999). That statute provides:

(c) Local exchange services provided by resale, telecommunications services provided by interexchange telecommunications companies, and *telecommunications services other than local exchange service,* switched access and interexchange telecommunications services provided by a local exchange company *shall be considered subject to competition for purpose of regulation under this title.*

Section 37–15–202(c) (emphasis added). The legislature determined in § 37–15–202(c) that local exchange services are not subject to competition. "Local exchange service" is defined as "the provision of essential telecommunications service within a local exchange area." Wyo. Stat. Ann. § 37–15–103(a)(viii) (LEXIS 1999). The legislature defined "essential telecommunications service" in § 37–15–103(a)(iv):

(iv) "Essential telecommunications service" means a customer's access to service that is necessary for the origination or termination, or both, of two-way, switched telecommunications for both residential and business service within a local exchange area. Essential telecommunications services are limited to:

(A) Access to interexchange services provided by interexchange telecommunications companies;

(B) Single line flat-rate or single line measured residence or business service;

(C) Transmission service and facilities necessary for the connection between the end user's or customer's premises or location and the local network switching facility including the necessary signaling service used by customers to access essential telecommunications services;

(D) Services necessary to connect 911 emergency services to the local network;

(E) Switched access, which for the purposes of this chapter shall mean the switching and transport necessary to connect an interexchange telecommunications company with the local exchange central office for the purpose of originating or terminating, or both, the interexchange telecommunications company's switched telecommunications service.

■ The commission determined that ISDN is an essential telecommunications service because it performs each of the five functions listed in subparagraphs (A) through (E) of § 37–15–103(a)(iv). US WEST acknowledges that ISDN performs all five functions but argues that the commission improperly disregarded the first part of § 37–15–103(a)(iv), which requires that an essential service be "necessary for the origination or termination, or both, of two-way, switched telecommunications."

■ We agree with US WEST's interpretation of the statute. In order to be considered an essential telecommunications service, the service must be necessary for the origination or termination of two-way, switched telecommunications, and essential telecommunications services are limited to the five functions outlined in the statute. The commission effectively ignored the "necessary" language in the first part of § 37–15–103(a)(iv). We will not construe a statute in

a way that renders a portion of the statute meaningless. *McClellan v. State*, 933 P.2d 461, 465 (Wyo.1997).

We recognized the importance of the "necessity" language in *US West Communications, Inc.*, 988 P.2d 1061. We admonished that the term "necessary" can be defined only in context. *US West Communications, Inc.*, 988 P.2d at 1066.

> The context of "necessary" in this instance is its association with *"essential* telephone service." The word "essential" is defined as "[i]ndispensably necessary; important in the highest degree; requisite. *That which is required for the continued existence of a thing.*" Black's Law Dictionary at 546 [ (6th ed.1990) ].

*US West Communications, Inc.*, 988 P.2d at 1066.

The commission and US WEST agree that traditional telephone service is an essential telecommunications service. Both ISDN and traditional telephone service have the capability of performing the five functions listed in subparagraphs (A) through (E). In addition, ISDN can perform many functions that traditional telephone service cannot perform. ISDN is not available throughout Wyoming, and it costs significantly more than traditional telephone service costs. ISDN is a distinctive service which will be useful and economically viable for only a special class of users.

■ With traditional telephone service still available throughout the state, ISDN is not "necessary" within the meaning of the statute because it is not required for the origination or termination of two-way, switched telecommunications. Section 37–15–103(a)(iv). ISDN does not, therefore, fall within the definition of an essential telecommunications service, and, because it is not essential, it is not a local exchange service. Section 37–15–103(a)(viii). ISDN is, consequently, a competitive telecommunications service and is not subject to price regulation by the commission. Section 37–15–103(a)(iii) and (ix); § 37–15–202(a) and (c).

The commission also stated in its order that ISDN was not a competitive telecommunications service under § 37–15–202(a)

because neither ISDN nor an equivalent service was available in Wyoming from alternative providers. Section 37–15–202(a) provides:

> (a) Upon petition by any telecommunications company, the commission may, after notice and opportunity for hearing, find and conclude that a telecommunications service is subject to competition. Any service found to be effectively competitive shall not be subject to regulation of prices by the commission. The commission shall consider only the following factors in determining whether a telecommunications service is subject to effective competition:
>
> (i) The extent to which the same or equivalent telecommunications services are available from alternative providers in the relevant market;
>
> (ii) The extent to which telecommunications services of alternative providers are functionally equivalent or may be substituted at comparable prices, terms and conditions;
>
> (iii) Existing economic, regulatory or technological barriers to entry.

The plain language of § 37–15–202(a) dictates that the commission may determine whether or not a telecommunications service is competitive only when a telecommunications company seeks such a classification. *See US West Communications, Inc.*, 988 P.2d at 1065 n. 2.

■ In *US West Communications, Inc.*, 988 P.2d 1061, US WEST filed a price schedule for its Centrex Plus service. *US West Communications, Inc.*, 988 P.2d at 1063–64. In the case at bar, US WEST filed a report of tariff change and price schedules for its ISDN. US WEST did not, in either case, affirmatively seek a determination from the commission as to whether or not its telecommunications service was competitive. 988 P.2d at 1065 n. 2. In both cases, the commission introduced the issue of whether or not US WEST's telecommunications service was competitive by directing US WEST to address that issue. 988 P.2d at 1063. We stated that § 37–15–202(a) was not applicable in *US West Communications, Inc.*, 988 P.2d 1061 because US WEST did not seek classification of its Centrex Plus service. 988 P.2d

at 1065 n. 2. Likewise, § 37–15–202(a) does not apply in this case because US WEST did not request that the commission determine whether or not ISDN was a competitive telecommunications service. Our ruling concerning § 37–15–202(c) is, therefore, dispositive.

Reversed.