The ESTATE OF Barbara K. HECKERT,
Appellant (Petitioner),

v.

Wyoming STATE BOARD OF EQUAL-
IZATION; and Wyoming Department
of Revenue, Appellees (Respondents).

No. 99–277.

Supreme Court of Wyoming.

Dec. 19, 2000.

posed a transfer tax upon the Estate of Barbara K. Heckert (the Estate) in the amount of $30,283.95. That figure was computed by applying to the maximum federal estate tax credit for state inheritance or transfer taxes a ratio derived from the portion of the gross estate situate in Wyoming as compared to the total gross estate for purposes of the federal estate tax. A corollary question is presented concerning the application of the phrase in Wyo.Stat.Ann. § 39–6–810 (Michie 1997) "without increasing the aggregate of federal and state death, transfer or succession taxes upon any estate." Another argument asserts the unconstitutionality of the statute. The Estate appeals the transfer tax imposed by the Department and upheld by the Wyoming State Board of Equalization (the Board). The language of the Wyoming statute imposes a transfer tax in "the ratio which the Wyoming gross estate bears to the value of the federal gross estate * * *," and justifies the imposition of the Wyoming tax. Wyo. Stat. Ann. § 39–6–812 (Michie 1997). We hold that the Department correctly applied the relevant statutes in determining the transfer tax on the Estate. We affirm the Findings of Fact, Conclusions of Law, Decision and Order of the Board.

Representing Appellant: Thomas N. Long of Thomas N. Long, P.C., Cheyenne, WY; and Thomas P. Sweeney of Richards, Layton & Finger, P.A., Wilmington, DE.

Representing Appellees: Gay Woodhouse, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Cathleen D. Parker, Assistant Attorney General, Cheyenne, WY.

Before LEHMAN, C.J., and THOMAS, MACY,* GOLDEN, and HILL, JJ.

THOMAS, Justice.

The issue posed is the authority of the State of Wyoming to impose a transfer tax on the Wyoming estate of a decedent when the entire Wyoming estate is deducted from the federal gross estate in determining the federal taxable estate. The Wyoming Department of Revenue (the Department) im-

The Brief of Appellant, filed on behalf of the Estate, presents this statement of the issue:

Whether the State of Wyoming is entitled to a portion of the federal state death tax credit when the Wyoming property does not give rise to any of the federal estate tax liability because it qualifies for the marital deduction for federal estate tax purposes and thus is not included in the taxable estate for federal estate tax purposes.

The Brief of Appellee, filed on behalf of the Department, states the issues as:

I.  Under Wyoming law is the state entitled to impose an estate tax computed as a portion of the federal state death tax credit as a result of the decedent owning property in the State of Wyoming at the time of her death?

* Retired June 2, 2000.

II. Was the State Board of Equalization correct in its conclusion of law that the federal marital deduction provided by 26 U.S.C. § 2056 is to be deducted from the federal gross estate for federal estate tax purposes and not the Wyoming gross estate for state tax purposes?

III. Has the petitioner carried its burden of proof?

Barbara Heckert, a resident of Pennsylvania, owned property in Wyoming at the time of her death on August 31, 1995. The Wyoming property consisted of both real and tangible personal property owned in joint tenancy with her husband with right of survivorship, and a separately owned parcel of property. Her will devised and bequeathed all of her interests in real property, and all her tangible personal property, to her husband. Upon her death, her half of the property owned in joint tenancy passed to her husband by operation of law.

The Department initially imposed a transfer tax in the amount of $41,706.02, but later amended the amount of $30,283.95. The Estate appealed the transfer tax, asserting that Wyoming was not entitled to any tax attributable to the federal estate tax credit for state death taxes. Because the facts were not in dispute, the Board did not conduct a hearing; but, instead, received briefs from the parties. The Board issued its Findings of Fact, Conclusions of Law, Decision and Order on June 14, 1999, in which the Board affirmed the Department's imposition of estate tax in the amount of $30,283.95. The Estate filed a Petition for Review of Administrative Action in the district court, and, pursuant to a joint motion by both parties, the district court certified the case to this Court under the provisions of W.R.A.P. 12.09(b).

■ In cases certified to this Court pursuant to W.R.A.P. 12.09(b), we apply the same standards for review that would have pertained in the district court. *U S West Communications, Inc. v. Wyoming Public Service Com'n*, 989 P.2d 616, 618 (Wyo.1999). Those criteria are found in Wyo. Stat. Ann. § 16–3–114(c)(ii) (Lexis 1999), which provides that the reviewing court shall:

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

■ We must affirm an agency's findings of fact that are supported by substantial evidence, *U S West Communications, Inc.*, 989 P.2d at 618, and facts that are not disputed are treated as properly supported. We apply *de novo* review to an agency's conclusions of law, and affirm them only if the agency correctly applied the appropriate rule of law to the facts. *Id.* The burden of persuasion that the agency failed to apply the law correctly is assigned to the party challenging the ruling, in this case, the Estate.

The actions of the agency are presumed to be correct, and it is the appellant's burden to show that the agency did not comply with the law. *Butts v. Wyoming State Bd. of Architects*, 911 P.2d 1062, 1065 (Wyo. 1996).

*Frank v. State By and Through Wyoming Bd. of Dental Examiners*, 965 P.2d 674, 677 (Wyo.1998).

The parties to this case do not dispute the facts, and they agree that the applicable law is set forth in Wyo. Stat. Ann. §§ 39–6–810 and 39–6–812. Those statutes provide:

W.S. 39–6–810 through 39–6–813 are intended to take full advantage for Wyoming of the credit which is allowed as a deduction from the federal estate tax liability of estates of decedents, for state taxes upon property or transfer thereof by reason of death, without increasing the aggregate of

federal and state death, transfer or succession taxes upon any estate.

Wyo. Stat. Ann. § 39–6–810.

A tax is imposed on the transfer of property constituting the Wyoming gross estate of every decedent. The amount of tax is the maximum state death tax credit allowed to a Wyoming estate as a credit against federal estate taxes under the laws of the United States for estate, inheritance, legacy and succession taxes actually paid to the several states times the ratio which the Wyoming gross estate bears to the value of the federal gross estate, or the maximum state death tax credit allowable to a Wyoming gross estate; whichever is greater.

Wyo. Stat. Ann. § 39–6–812.

■■■ The parties do not agree on the meaning and application of the controlling statutes, making a review of our rules of statutory construction pertinent:

Recently, in *Flores v. Flores,* 979 P.2d 944, 946 (Wyo.1999), we discussed the standard of review for questions of statutory interpretation:

"Statutory interpretation is a question of law, so our standard of review is *de novo* . . . . If the conclusion of law is in accordance with the law, we affirm it; if it is not, we correct it." *May v. May,* 945 P.2d 1189, 1191 (Wyo.1997) (citing *Parker Land and Cattle Co. v. Wyoming Game and Fish Comm'n,* 845 P.2d 1040, 1042 (Wyo.1993)).

"We endeavor to interpret statutes in accordance with the Legislature's intent. We begin by making an 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' *Parker Land and Cattle Company v. Wyoming Game and Fish Comm'n,* 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker,* 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute in pari materia."

*Cargill v. State, Dept. of Health, Div. of Health Care Financing,* 967 P.2d 999, 1001 (Wyo.1998) (quoting *State ex rel. Wyoming Workers' Safety and Compensation Div. v. Bruhn,* 951 P.2d 373, 376 (Wyo.1997)).

*Fontaine v. Board of County Com'rs of Park County,* 4 P.3d 890, 895 (Wyo.2000).

■■■ The resolution of this case depends upon a determination of the amount of the state death tax credit that is allowed, or allowable, to Heckert's gross estate in Wyoming. The Wyoming tax at issue here is known as a "pick up" tax. The amount of the tax is computed as the portion of the state death tax credit, provided for in 26 U.S.C. § 2011 that is allowed or allowable to the Wyoming gross estate of the decedent. In other words, the state imposes, or "picks up," a tax proportional to the credit that the federal government allows against the federal estate tax. The state death tax credit is computed by applying statutory rates to the decedent's federal adjusted taxable estate, which is defined in 26 U.S.C. § 2011 as the federal taxable estate minus $60,000.00. The federal taxable estate is the federal gross estate minus deductions. All property bequeathed to a surviving spouse, as well as the decedent's share of jointly owned property, qualifies for the marital deduction[1] and is deducted from the federal gross estate in calculating the federal taxable estate.

The method prescribed by the statutes for arriving at the credit for state death taxes is succinctly explained in this way in a case relied upon by the Estate:

Section 2011 provides for a credit against the Federal estate tax for State death taxes paid in respect of any property included in the gross estate. Section 2011(b) limits the amount of the available credit to specified percentages of the adjusted taxable estate. The adjusted taxable estate is determined by reducing the taxable estate by $60,000. Sec.2011(b). The taxable estate is determined by deducting from the value of the gross estate the deductions provided for in sections 2053–2056.

1. 26 U.S.C. § 2056.

*Estate of Owen v. C.I.R.*, 104 T.C. 498, 514, 1995 WL 232785 (U.S.Tax Ct.1995) (footnote omitted).

Pursuing that method in the case at hand, the federal gross estate consisted of all the property Heckert owned at the time of her death, including her half of the property owned jointly with her husband. Her property in Wyoming consisted of real property and tangible personal property, most of which was jointly owned with her husband. Heckert bequeathed her separately owned Wyoming property, and her share of their jointly owned Wyoming property, to her husband. All of Heckert's Wyoming property was included in the federal gross estate in computing her federal taxable estate.

In endeavoring to meet the assigned burden of persuasion that, in imposing the transfer tax, the Department and the Board failed to act in accordance with law or in excess of statutory right, the Estate presents three arguments. First, the Estate contends that imposition of the transfer tax is proscribed by the language of Wyo. Stat. Ann. § 39–6–810 that provides "without increasing the aggregate of federal and state death, transfer or succession taxes upon any estate." This argument relies on the fact that the Estate paid estate taxes in Pennsylvania, which exceeded the federal estate tax credit. The Estate then argues that because the Wyoming property was not included in the federal taxable estate, it did not contribute to the federal estate tax credit. Finally, the Estate asserts that imposition of the Wyoming transfer tax violates the due process clause of the Fourteenth Amendment to the Constitution of the United States because the effect is to impose a tax on property situate in Pennsylvania.

■ There is no question that the clear and unambiguous language of the statute imposes the transfer tax on the gross estate, and it is limited by the ratio of the Wyoming gross estate to the federal gross estate. The reference to the Wyoming gross estate is in the context of the federal gross estate and captures the amount of the Wyoming gross estate included in the federal gross estate as the property subject to the transfer tax. The definition in Wyo. Stat. Ann. § 39–6–

811(a)(v) (Michie 1997) requires that interpretation:

> "Wyoming gross estate" means the value of the federal gross estate of a decedent excluding the value of real or tangible personal property which has an actual situs outside Wyoming at the time of death of the decedent, and excluding the value of intangible personal property owned by a decedent not domiciled in Wyoming.

The intention of the legislature to impose the tax upon the Wyoming gross estate in proportion to the total federal gross estate could not have been expressed more clearly. The statute is silent as to any adjustments on that figure parallel to the federal estate tax deductions, and the tax is limited to the amount

> allowed to a Wyoming estate as a credit against federal estate taxes under the laws of the United States for estate, inheritance, legacy and succession taxes actually paid to the several states times the ratio which the Wyoming gross estate bears to the value of the federal gross estate, or the maximum state death tax credit allowable to a Wyoming gross estate, whichever is greater.

Wyo. Stat. Ann. § 39–6–812. The Wyoming tax is imposed on the Wyoming gross estate without any adjustment that might prevent its inclusion in the federal taxable estate. There is no ambiguity in this statutory language, and we eschew the suggestion that we legislate in that regard.

■ We are informed, with respect to this issue, by the decision of this Court in *Luman v. Resor*, 406 P.2d 527, 529 (Wyo. 1965):

> We consider first the executors' appeal, No. 3409, in which it is argued that the judgment is erroneous because it increases the aggregate of Federal and state taxes imposed. Emphasis is placed by appellant upon that portion of the title of the Act which provided for an additional State inheritance tax "in all cases where the full Federal Tax credit is not otherwise collectible"; the last phrase of § 39–338, "without increasing the aggregate of federal and state death, transfer or succession taxes

upon any estate," and § 39–341, "The total federal and state inheritance and estate taxes upon any estate, shall not be increased under this act * * * above the total amount which would be due without reference hereto." No case is cited except *Kelsey v. Taft,* 72 Wyo. 210, 263 P.2d 135, for the unchallenged principle that a tax measure will not be effected by any means other than a clear, definite, and unambiguous statement of the legislative authority. The argument hinges then upon the unsupported statement that the Wyoming legislature in specifically mentioning the death, transfer, succession, inheritance, and estate taxes in §§ 39–338 and 39–341 emphasized that it was referring to "all state death taxes, by whatever state imposed," and not referring to State death taxes imposed by Wyoming. On the other hand, the board urges that the word "state" refers to Wyoming only. In so doing, it places reliance upon *Simco v. Shirk,* 146 Tex. 259, 206 S.W.2d 221, which cites *State v. Wiess,* 141 Tex. 303, 171 S.W.2d 848, 147 A.L.R. 460; but, as the executors observe, that case is not parallel to our situation since the Texas statute specifically provided for circumstances wherein an estate was situated partly within Texas and partly outside. However, the trial court's decision was, unmistakably, that it considered "state" in these additional tax statutes synonymous with "Wyoming," and we find nothing in the executors' brief or argument which is sufficient to overturn that logical holding.

(Footnote omitted.) It is clear that the phrase "without increasing the aggregate of federal and state death, transfer or succession taxes upon any estate" included in Wyo. Stat. Ann. § 39–6–810 does not encompass death taxes imposed in other jurisdictions. It is limited to the aggregate of the federal tax and the Wyoming tax. If this were not so, Wyoming probably never could share in the federal estate tax credit for state taxes except in those situations in which the statutory formula of the other jurisdiction was identical to that in Wyoming. We perceive no legislative intent to so limit the Wyoming tax.

In structuring its second argument, the Estate relies upon *Estate of Owen v. C.I.R.,* 104 T.C. 498, 1995 WL 232785. This second argument posed by the Estate leads to a substitution of the words "taxable estate" for the words "gross estate" in Wyo. Stat. Ann. § 39–6–812. The argument is that since the Wyoming estate was not included in the federal taxable estate, it made no contribution to the federal estate tax credit for state taxes. That claim effectively is foreclosed by this language of the United States Tax Court:

> Under section 2011(a), a condition for allowance of the credit for State death taxes is that the State death taxes have been paid "in respect of any property included in the gross estate." The amounts of the 1984 and 1986 gifts are not properly includable in decedent's gross estate. It follows that no credit is allowable for the Kansas inheritance tax imposed with respect to the amounts of these gifts. * * * * * *
>
> Thus, under the statutory scheme, because the amounts of the gifts are not includable in the gross estate, it follows that they are not includable in the taxable estate, and so not includable in the adjusted taxable estate, and so not taken into account under section 2011(b) in determining the amount of the maximum credit allowable for State death taxes.

*Estate of Owen,* 104 T.C. at 516–17. In its argument, the Estate concedes that the property in Wyoming was included in the federal gross estate, and that fact clearly distinguishes *Estate of Owen* in which the property never was included in the gross estate. The proposition that property that is deducted from the gross estate after being included is not includable in the computation cannot be derived from *Estate of Owen* without straining the *ratio decidendi* of that court.

As to the third argument posed by the Estate, the language of the Wyoming statute defining the "Wyoming gross estate" clearly limits the reach of the statute to Wyoming real and tangible personal property. The Estate relies upon language out of context in *Luman,* but the earlier quotation from that case is more informative on this issue. The clear language of the statute

cannot be read to include any property in Pennsylvania in the formula for computing the Wyoming tax. The statute would only be unconstitutional, as asserted by the Estate, if it included Pennsylvania property in the computation formula, and it does not.

We hold that the Estate has failed to sustain its burden of persuasion in this Court just as it failed to sustain its burden before the Board. The Findings of Fact, Conclusions of Law, Decision and Order of the State Board of Equalization is affirmed.