Kathleen M. AHLENIUS, Appellant (Petitioner),

v.

The WYOMING BOARD OF PRO-FESSIONAL GEOLOGISTS, Appellee (Respondent).

No. 99–118.

Supreme Court of Wyoming.

April 27, 2000.

Representing Appellant: Christopher L. Smith, Cheyenne, Wyoming.

Representing Appellee: Gay Woodhouse, Attorney General; Michael L. Hubbard, Deputy Attorney General; Magdalene M. Allely, Assistant Attorney General. Argument by Ms. Allely.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

GOLDEN, Justice.

In this case, we consider whether an applicant's request for a professional geologist license under a statutory grandfather clause waiving examination requirements can be denied because the applicant had previously failed an optional examination. Appellant Kathleen M. Ahlenius' (Ahlenius) application under the grandfather clause of Wyo. Stat. Ann. § 33–41–111(b) (LEXIS 1999) waiving examination requirements was denied by Appellee, the Wyoming Board of Professional Geologists (Board), and she appeals on grounds that the Board has exceeded its statutory authority and violated equal protection guarantees.

We reverse the Board's decision for violating its statutory authority and have no need, therefore, to address the constitutional claim. We remand for approval of Ahlenius' application.

## ISSUES

Ahlenius presents these issues for our review:

I. Whether the Wyoming Board of Professional Geologists acted arbitrarily, capriciously, abused its discretion and/or otherwise acted not in accordance with the law, or in excess of statutory jurisdiction, authority or limitations or lacking statutory right, by denying Appellant's application based on her previous failure of one of the exams normally required for licensing as a Professional Geologist, after Appellee had waived the examination requirement pursuant to Wyo. Stat. § 33–41–111(b).

II. Whether the Wyoming Board of Professional Geologists acted contrary to constitutional right, power, privilege, or immunity in denying Appellant equal protection under the law contrary to the 14 [th] Amendment of the United States Constitution and Article I, Clauses 3 and 6, of the Wyoming Constitution by requiring her to take the examinations they waived for all others who had not previously taken the exams.

The Board restates the issues as:

I. The Board acted within its discretion when it denied Appellant's application for licensure based on her failure of a board exam and therefore the board's decision is not arbitrary, capricious, an abuse of discretion or otherwise contrary to law.

II. The Board did not violate Ahlenius' constitutional right to equal protection

when it denied her application for licensure based on her failure of a board exam.

## FACTS

Ahlenius has worked in the Geology Program at the Wyoming Department of Transportation since November of 1993. Before 1997, those practicing geology were eligible to designate themselves with the title "professional geologist" before the public by either passing two examinations or acquiring the requisite education and experience. Wyo. Stat. Ann. § 33–41–111 (Michie Cum. Supp.1996). In 1995, Ahlenius lacked the requisite experience to receive the designation and took the first of the two required examinations. She did not pass it and did not retake the examination.

In 1997, the legislature amended the statute to create a "licensing" statute. 1997 Wyo. Sess. Laws, Ch. 170 § 1. The change now required a license to practice geology before the public, whereas before licensing was required only to use the professional geologist designation. With respect to licensure, the statute was amended to require successful completion of examinations; however, the statute gave the Board the power to create a grandfathering window for licensing as a professional geologist without meeting the examination requirements. Wyo. Stat. Ann. § 33–41–111(a)(iii), (b) (LEXIS 1999)

On April 14, 1998, Ahlenius had the required number of years of experience to become a professional geologist under the 1997 statute and filed an application for licensing as a professional geologist without examination. Along with 870 other applications, she requested waiver of the examination requirements for designation as a professional geologist. The Board denied her application, stating as its sole reason that Ahlenius had taken but not passed the first of the two examinations. Ahlenius appealed that decision, and a hearing was held.

It was established at the hearing that the Board had approved over 500 applications under the grandfather clause based on education, experience, and references, and more were pending. None had taken the two exams normally required. It was established that Ahlenius met the education, experience, and reference requirements, but was denied solely because of the failed exam years earlier. The decision to deny her a license without passing both examinations was upheld, and a petition for review was filed with the district court, which certified the case to this Court pursuant to W.R.A.P. 12.09.

## DISCUSSION

### Standard of Review

■ The right of judicial review of an administrative decision is statutory. *Basin Elec. Power Co-op., Inc. v. Dep't of Revenue*, 970 P.2d 841, 847 (Wyo.1998). When a case is certified to this Court pursuant to W.R.A.P. 12.09, we examine the decision of the administrative agency as if we were the reviewing court of the first instance. The authority vested in a reviewing court is set forth in Wyo. Stat. Ann. § 16–3–114(c)(ii) as follows:

(ii) [The reviewing court may] [h]old unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

*Montana Dakota Utilities Co. v. Public Service Comm'n of Wyoming*, 847 P.2d 978, 983 (Wyo.1993).

■ Ahlenius contends that the Board did not have statutory authority to exclude her application solely because she had previously failed one examination. The Board contends that the statute unambiguously granted it the discretion to waive the successful completion of examination requirements on a case-by-case basis. Statutory

interpretation presents a question of law. *Parker Land and Cattle Co. v. Wyo. Game and Fish Comm'n*, 845 P.2d 1040, 1042 (Wyo. 1993). In reviewing questions of law, however, we do not defer to the agency's decision. If the conclusion of law is in accordance with law, we affirm it; if it is not, we correct it. *Frank v. State By and Through Wyoming Bd. of Dental Examiners*, 965 P.2d 674, 677 (Wyo.1998); *Heiss v. City of Casper Planning and Zoning Comm'n*, 941 P.2d 27, 29 (Wyo.1997). The actions of the agency are presumed to be correct, and it is the appellant's burden to show that the agency did not comply with the law. *Butts v. Wyoming State Bd. of Architects*, 911 P.2d 1062, 1065 (Wyo.1996).

### Statutory Authority

██ In 1997, the professional geologist registration statute, Wyo. Stat. Ann. § 33–41–111 (LEXIS 1999), was amended to read:

(a) The following shall be considered as minimum evidence satisfactory to the board that the applicant is qualified to be a professional geologist:

(i) A bachelors degree in geology granted through an accredited institution of higher education approved by the board or graduation from an accredited institution of higher education in a four (4) year academic degree program other than geology, but with the required number of course hours to qualify as a geologist;

(ii) Certification as a geologist-in-training;

(iii) Successful completion of the board's examinations;

(iv) A specific record of four (4) years of active professional practice in geologic work of a character satisfactory to the board, indicating the applicant is competent to be placed in responsible charge of the work; and

(v) Submission of written endorsements from peers attesting to the applicant's professional competency, the number and form of which shall be determined by rule and regulation of the board.

(b) Notwithstanding subsection (a) of this section, and **effective until July 1, 1998, the board may waive the requirements of paragraph (a)(iii)** of this section for licensure as a professional geologist.

(Emphasis added). In interpreting statutes, we primarily determine the legislature's intent. If the language is sufficiently clear, we do not resort to rules of construction. We apply our general rule that we look to the ordinary and obvious meaning of a statute when the language is unambiguous. *Parker Land & Cattle Co.*, 845 P.2d at 1041. If the statute's language is clear and unambiguous, we apply its plain meaning and need not consult the numerous rules of statutory construction. *Id.* at 1043.

██ Both parties agree that the statute unambiguously grants the Board the discretion to waive the examination requirements, but disagree whether it gave the Board the power to waive the examination requirements on a case-by-case basis. Ahlenius contends that once the Board acted in its discretion to waive the examination requirement, it waived it to all, and the Board had no further discretion under the statute to then deny the waiver to a specific applicant. She argues that the Board's case-by-case standard is without statutory authority and contrary to legislative intent. According to the Board, because the amendment required licensing in order to practice, the legislature included the grandfather clause to allow licensing of the hundreds of geologists currently practicing without taking examinations. None of the practicing geologists who were "grandfathered" had taken previous examinations; however, the Board's decision to waive examination requirements for them effectively deemed them competent to practice geology before the public in the state by virtue of their education, experience, and references. Like these practicing geologists that the Board did "grandfather," Ahlenius was a practicing geologist with the requisite education, experience, and references.

██ The Board's decision to grant a waiver of examination requirements on a case-by-case basis is contrary to the plain language of the statute, the legislative intent, and runs afoul of our rule that "an agency enjoys only those powers which the legislature has expressly conferred and the corollary rule of construction that statutes under

which an agency purports to exercise a doubtful power must be strictly construed against the exercise of that power." *Jackson v. State, ex rel. Workers' Compensation Div.*, 786 P.2d 874, 878 (Wyo.1990) (citing *Hupp v. Employment Sec. Comm'n*, 715 P.2d 223, 225 (Wyo.1986); *Tri–County Electric Ass'n, Inc. v. City of Gillette*, 525 P.2d 3, 8–9 (Wyo. 1974)). Because the statute does not limit the waiver on a case-by-case basis, it effectively nullified Ahlenius' failed examination and waived the examination requirements for her.

The Board acted arbitrarily, without statutory authority, and contrary to statutory authority when it attached the condition that it would not waive examination requirements under the grandfather clause for a practicing geologist who had failed an examination years earlier. The Board's decision is reversed and remanded for approval of Ahlenius' application for licensing.