**EASTERN LARAMIE COUNTY SOLID WASTE DISPOSAL DISTRICT, Appellant (Petitioner),**

v.

**STATE BOARD OF EQUALIZATION and Department of Revenue, State of Wyoming, Appellees (Respondents).**

No. 99–228.

Supreme Court of Wyoming.

Aug. 1, 2000.

Representing Appellant: Peter H. Froelicher, Laramie County Attorney, Cheyenne, Wyoming.

Representing Appellee: Gay Woodhouse, Wyoming Attorney General; Rowena Heckert, Deputy Attorney General; Michael Dinnerstein, Assistant Attorney General. Argument by Mr. Dinnerstein.

Before LEHMAN, C.J., and THOMAS, MACY,* GOLDEN, and HILL, JJ.

GOLDEN, Justice.

Appellant Eastern Laramie County Solid Waste Disposal District (District) seeks review of an order issued by Appellee State Board of Equalization (Board) upholding a decision of Appellee Department of Revenue (Department), which determined that the District was not exempt from taxes on sales of services and tangible personal property sold to the District because it was not a "political subdivision" as contemplated by the governing statute. We will reverse, holding that the governing statute unambiguously contemplates that the District is a part of "government" and is a "political subdivision" for purposes of that statute.

## ISSUES

The District poses these issues:

I. Are the State Board of Equalization's and the State Department of Revenue's decisions, concluding that Appellant is not exempt from sales tax pursuant to W.S. § 39–15–105(a)(iv), arbitrary, capricious, or not in accordance with law?

II. Does the public policy against taxing governmental entities support Petitioner's [District's] position?

III. Does [sic] the State Board of Equalization's and the State Department of Revenue's interpretations of W.S. § 39–15–105(a)(iv) violate the constitutional guarantees of equal protection?

* Retired June 2, 2000.

In response, the Board and the Department offer these issues:

1. Does the political subdivision exemption from the sales and use tax exempt subdivisions that are not political such as solid waste disposal districts?

2. Does the Wyoming Constitution prohibit taxing solid waste disposal districts given that the law permits such districts to charge fees [for] their services?

3. Does constitutional law require that solid waste disposal districts be accorded the same treatment under the tax statutes as weed and pest control districts given that solid waste disposal districts address different concerns than weed and pest control districts?

## FACTS

On June 10, 1997, the District contacted the Department to confirm the tax exempt status it had enjoyed for at least the preceding seven years. By letter dated October 15, 1997, the Department informed the District that it was not an exempt entity under Wyoming sales/use tax law, applying the following reasoning:

According to Wyoming law, in order to be considered a political subdivision an entity must have the following characteristics:

(1) A geographic area smaller than the state of Wyoming;

(2) A governmental function with a local purpose;

(3) Officers elected by the district's inhabitants; and,

(4) Provisions for assessment of taxes to finance purposes.

*Witzenberger [Witzenburger] v. Wyoming Community Development Authority,* 575 P.2d 1100, 1113 (Wyo.1978).

According to Wyoming law, the governing board of solid waste disposal district[s] consists of residents of the district **appointed** by the county commissioners. W.S. 18–11–102. As such, it is the Department's opinion that your organization does not meet criterion number (3) described

above. Consequently, Eastern Laramie County Solid Waste Disposal District is not a political subdivision for purposes of sales/use tax.

By notice filed on November 13, 1997, the District appealed the Department's decision to the Board. For purposes of brevity, although the Board's order is lengthy, we will merely note that the Board affirmed the Department's determination that the District was not exempt on the same basis as that quoted above from the Department's letter to the District. The District then filed a petition for review pursuant to W.R.A.P. 12.09 in the district court, and the district court certified the matter here for review.[1]

## DISCUSSION

*Standard of Review*

■ The right of judicial review of an administrative decision is statutory. *Basin Elec. Power Co-op., Inc. v. Dep' t of Revenue,* 970 P.2d 841, 847 (Wyo.1998). When a case is certified to this Court pursuant to W.R.A.P. 12.09, we examine the decision of the administrative agency as if we were the reviewing court of the first instance. The authority vested in a reviewing court is set forth in Wyo. Stat. Ann. § 16–3–114(c)(ii) as follows:

(ii) [The reviewing court may] [h]old unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

1. On October 4, 1999, this Court dismissed this appeal for want of prosecution. Upon a petition for reinstatement filed by Appellant, this Court reinstated the appeal pursuant to a grant of a writ of review on October 26, 1999.

*Montana Dakota Utilities Co. v. Public Service Comm'n of Wyoming,* 847 P.2d 978, 983 (Wyo.1993); *Ahlenius v. Wyoming Bd. of Professional Geologists,* 2 P.3d 1058, 1060 (Wyo.2000).

As its first issue, the District contends that Wyo. Stat. Ann. § 39–15–105(a)(iv)(A) (LEXIS 1999)[2] creates an exemption for it:

> (iv) For the purpose of exempting sales of services and tangible personal property sold to government, charitable and non-profit organizations, irrigation districts and weed and pest control districts, the following are exempt:
>
> (A) Sales to the state of Wyoming or its political subdivisions;

The issues raised by the District require us to interpret the language of that statute. As we stated in *Olheiser v. State ex rel. Wyoming Workers' Compensation Div.,* 866 P.2d 768, 770 (Wyo.1994):

> We have interpreted statutes on innumerable occasions, so our standard is well established. First, we determine if the statute is ambiguous by looking at the plain and ordinary meaning of the words contained therein. *Parker Land and Cattle Co. v. Wyo. Game & Fish Comm'n,* 845 P.2d 1040, 1042–43 (Wyo.1993).

A "statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistence and predictability. * * * [A] statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations. * * * [W]hether an ambiguity exists in a statute is a matter of law to be determined by the court." *Parker Land and Cattle Co.* at 1043 (*quoting Allied Signal, Inc. v. Wyo. State Bd. of Equalization,* 813 P.2d 214, 219–20 (Wyo.1991)).

*Island Richards v. Board of County Commissioners,* 6 P.3d 1251 at 1252 (Wyo.2000).

■ The essence of the District's argument is that both the Department and the Board have incorrectly construed the statute by relying solely and very strictly upon the definition of "political subdivision" as set out

in *Witzenburger v. State ex rel. Wyo. Community Dev. Authority,* 575 P.2d 1100 (Wyo. 1978). We do not read *Witzenburger* to require an entity to have all four of the "distinctive badges of a political subdivision," *id.* at 1113, in order to qualify as a political subdivision. A computer-aided search of the Wyoming Constitution and statutes reveals that the phrase "political subdivision" is used hundreds of times in dozens of contexts. Although it is somewhat contrary to the arguments presented by the parties, our conclusion will be founded in simplicity and directness. In construing a taxing or revenue statute, courts should attempt to ascertain and give effect to the intention of the legislature, and that intention is to be gathered from a consideration of every word in the statute so as to make it harmonious and reasonable in its operation. *State v. Union Pacific Railroad Co.,* 823 P.2d 539, 541 (Wyo.1992). As a general rule, tax exemptions are given a strict interpretation against an assertion of a taxpayer and in favor of the taxing power. 3A Sutherland Stat. Const. § 66.09, at 42 (5th ed.1992). However, the reasons for that rule do not apply in the instance of tax exemptions running to the benefit of the government itself or its agencies. *Id.* at 43. In such a case, the practical effect of an exemption is merely to reduce the amount of money that has to be handled by government in the course of its operations. *Id.* For these reasons, provisions granting exemptions to government agencies may be construed liberally in favor of such agencies. *Id.*

The statute in question announces a comprehensive purpose to exempt "government" from payment of sales taxes, including the state itself and its political subdivisions. There is no more fundamental political subdivision than that of the county. Solid waste disposal districts are created by elected boards of county commissioners, though the boards do assign the day-to-day management tasks to appointed governing boards for those districts. Wyo. Stat. Ann. §§ 18–11–101, 102 (LEXIS 1999). We conclude that the exemption contemplated by § 39–15–

---

**2.** At the time of the proceedings before the Board this statute was codified at Wyo. Stat. Ann. § 39–6–405(a)(iv)(A) (Michie 1997). For purposes of our discussion, the 1999 version of the statute is essentially the same and includes a 1998 amendment that figures in the Department's argument.

105(a)(iv)(A) clearly includes solid waste disposal districts.

The Department contends that such a construction is flawed because § 39–15–105(a)(iv) specifically makes reference to irrigation districts and weed and pest control districts, but does not include solid waste disposal districts. With respect to irrigation districts, which were added to the exemption statute in 1997, it is clear that such districts are not a creature of the county and, hence, likely not a part of "government" or a "political subdivision," even under a liberal construction of the exemption statute. Irrigation districts are statutorily authorized associations of private landowners designed to facilitate improvement of the existing water supply for the lands covered by such a district. Wyo. Stat. Ann. §§ 41–7–201—210 (LEXIS 1999); 1997 Wyo. Sess. Laws Ch. 54, § 1. Weed and pest control districts were added to the statute in 1998. 1998 Wyo. Sess. Laws Ch. 43, § 1. Weed and pest districts are also creatures of counties and their addition to the exemption statute is a redundancy in that they are also political subdivisions in light of the construction we have adopted. *See* Wyo. Stat. Ann. § 11–5–104 (LEXIS 1999). Our research does indicate that a 1976 Opinion of the Attorney General determined that sales transactions of weed and pest districts were not exempt on the basis that they were political subdivisions because political subdivisions fell within the meaning of the word person subject to tax under the statutes relevant at that time. Op. Wyo. Att'y. Gen. 76–01 (1976). This is likely the source of that amendment to the exemption statute, but in any event it is our conclusion that weed and pest districts would also qualify for an exemption as a political subdivision of government.

 The Department also maintains that a determination that a solid waste disposal district is a political subdivision under the exemption statute is foreclosed because a bill to add solid waste disposal districts to the exemption statute, offered in the 1999 Legislature, failed passage. The amendment introduced in 1999 would have provided enhanced clarity, but its failure of passage does not cause the existing language in the statute to be ambiguous.

Having determined that the District is a political subdivision of government under the exemption statute, we need not address the other issues raised in the briefs. The order of the Board is reversed, and this matter is remanded to the district court with directions that it be returned to the Board with further directions that the order appealed herein be vacated, and an order be entered by the Board determining that the District is tax exempt under § 39–15–105(a)(iv)(A).